683 A.2d 930

**Ricky MIER, Appellant,**

**v.**

**Foster STEWART.**

Superior Court of Pennsylvania.

Submitted Aug. 19, 1996.

Filed Oct. 28, 1996.

Rick Mier, Pro se.

Joseph M. Ludwig, Pittsburgh, for Appellee.

Before McEWEN, President Judge, and CIRILLO, President Judge Emeritus, and BECK, J.

BECK, Judge:

The procedural issue we address is whether under Pa. R.A.P. 341, an order dismissing a complaint without prejudice and giving plaintiff 30 days to file an amended complaint is a final order. We hold it is not a final order.

Appellant, Ricky Mier, brought a two count complaint, malpractice and breach of contract, against his former criminal defense attorney, Foster Stewart. The trial court granted Stewart's demurrer and dismissed the malpractice count with prejudice on the grounds that Mier failed to plead as a matter of law a cause of action for criminal attorney malpractice. The trial court also dismissed the breach of contract count because it failed to conform to Pa.R.Civ.P. 1019(f). However, on the breach of contract count, the trial court granted Mier 30 days to file a more specific amended complaint. Mier did not file an amended complaint. Instead, before the 30 days expired, Mier filed an appeal to this court.

We quash Mier's appeal. Rule 341 provides that an appeal may be taken as a matter of right from a final order and defines final order as any order that "(1) disposes of all claims or of all parties." 42 Pa.C.S. § 341. Case law before the promulgation of Rule 341 in 1992 held that the court's dismissal of a complaint with leave to amend is an interlocutory order. *Waddell v. Trostel,* 336 Pa.Super. 527, 485 A.2d 1208 (1984) (trial court's order dismissing plaintiff-appellant's complaint, but allowing plaintiff-appellant to amend one count is interlocutory and must be quashed). Rule 341 has not changed this principle. By granting a party leave to amend, the trial court has not finally disposed of the parties or their claims. For finality to occur, the trial court must dismiss with prejudice the complaint in full. In this case, the matter would become

ripe for appeal upon the dismissal of the malpractice and contract counts with prejudice.

In the present case, the trial court dismissed the contract count without prejudice and granted Mier 30 days to file an amended breach of contract complaint. As a result, Rule 341 causes the court's order to be interlocutory.

We quash Mier's appeal without prejudice to appeal once a final order dismissing Mier's breach of contract count is entered on the record.

Appeal quashed.