J-A12036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| GARY J. McCARTHY, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JOSEPH M. ARMSTRONG, HERBERT R. FINEBURG, TED M. GREENBERG, JOSEPH HAYES AND OFFIT KURMAN, P.C., | |
| Appellees | No. 1911 EDA 2015 |

Appeal from the Order Entered May 19, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): February Term, 2015, No. 00017

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JULY 08, 2016**

Appellant Gary J. McCarthy appeals from the May 19, 2015, order, which sustained the preliminary objections of Appellees Joseph M. Armstrong, Herbert R. Fineburg, Ted M. Greenberg, and Joseph Hayes, and dismissed Appellant's amended complaint with leave to assert the claims raised therein in a related pending arbitration proceeding.  For the reasons that follow, we conclude that this Court lacks jurisdiction, and accordingly, we quash this appeal.

The relevant facts and procedural history have been aptly set forth, in part, by the trial court as follows:

> [Appellant] was a partner with the [law] firm of Fineburg Law Associates, P.C. ("the Fineburg Firm").  When [Appellant]

_____

*Former Justice specially assigned to the Superior Court.

joined the Fineburg Firm, he signed a Shareholder[s'] Agreement that provided in relevant part:

> Any controversy or claim arising out of or related to this Agreement or the breach thereof, shall be settled by one arbitrator in final and binding arbitration in accordance with the then current rules for commercial arbitration of the American Arbitration Association in Philadelphia, Pennsylvania.

> [Appellant] received a target letter from the United States Attorney's Office in 2010 and was indicted in November 2011 on criminal RICO charges. While the Fineburg Firm financed his criminal defense, evidence presented against [Appellant] at trial led the Fineburg Firm to fire him and immediately file a claim with the American Arbitration Association to determine the rights of the respective parties under the buyout terms of the Shareholders' Agreement. The arbitration action has been pending since January 2013. Since then, the Fineburg Firm ceased operations, and former partners [Appellees Armstrong, Fineburg, Greenberg, and Hayes]. . .joined the law firm of [Appellee] Offit Kurman, P.C.

> [Appellant] initiated the instant lawsuit by writ of summons on January 30, 2015. He then filed a complaint on February 16, 2015, and an amended complaint on April 29, 2015. [Appellant presented various tort claims, as well as contractual claims under the Shareholder[s'] Agreement.]

> [Appellant] filed a second lawsuit, **McCarthy v. Armstrong**, January Term 2015 No. 02126, seeking court litigation of counterclaims he had raised during [the] initial arbitration proceedings. In this second lawsuit, [Appellant] argued the original Shareholders['] Agreement did not control his asserted counterclaims, and he claimed he had no remedy other than through court action. [The trial court] disagreed and granted [Appellees'] Petition to Compel Arbitration in this second case on May 18, 2015. That order has not been appealed, and the "counterclaim" case is in arbitration.

Trial Court's Pa.R.A.P. 1925(a) Opinion, filed 11/6/15, at 1-3 (footnotes omitted).

Meanwhile, in the case on appeal here, Appellees Armstrong, Fineburg, Greenberg, and Hayes filed a petition to compel arbitration on April 30, 2015, and subsequently, Appellee Offit Kurman, P.C., filed a petition to join in the petition to compel arbitration. Appellant filed an answer in opposition to the petition to compel arbitration, and Appellees Armstrong, Fineburg, Greenberg, and Hayes filed a reply.

On May 11, 2015, Appellees Armstrong, Fineburg, Greenberg, and Hayes filed preliminary objections to Appellant's amended complaint. Therein, they asserted the claims raised in the amended complaint should be dismissed and litigated in the pending arbitration under Pa.R.C.P. 1028(a)(6), or alternatively, dismissed with prejudice in the nature of a demurrer under Pa.R.C.P. 1028(a)(4).

On May 18, 2015, Appellee Offit Kurman, P.C., filed preliminary objections seeking dismissal of Appellant's amended complaint under Pa.R.C.P. 1028(a)(6) as the claims were encompassed by an existing arbitration matter. Alternatively, Appellee Offit Kurman, P.C., sought dismissal of Appellant's amended complaint with prejudice on the basis that the statute of limitations had expired, there was insufficient specificity in the pleading under Pa.R.C.P. 1028(a)(3), and/or there was legal insufficiency in the pleading under Pa.R.C.P. 1028(a)(4).[1]

---

[1] We note that Pa.R.C.P. 1028 provides, in relevant part, the following:
*(Footnote Continued Next Page)*

On May 19, 2015, the trial court entered an order, which provided as follows:

> [U]pon consideration of [Appellees] Joseph A. Armstrong, Herbert R. Fineburg, Ted M. Greenberg, and Joseph Hayes' Joint Preliminary Objections to the Amended Complaint in the nature of a Motion to Dismiss on the basis of an Agreement for Alternative Dispute Resolution pursuant to Rule 1028(a)(6) of the Pennsylvania Rules of Civil Procedure, or alternatively, in the nature of a demurrer pursuant to Rule 1028(a)(4), it is hereby ORDERED that the Preliminary Objections are SUSTAINED and [Appellant's] Amended Complaint is DISMISSED with leave to assert [Appellant's] claims in the pending arbitration proceeding before the American Arbitration Association at Claim No. 14-194-000075-13, captioned as **Fineburg Law Associates, P.C. f/k/a Fineburg McCarthy, P.C. v. Gary J. McCarthy et al.**

Trial Court's Order, entered 5/19/15, at 1-2. The trial court crossed out a paragraph, which indicated the option of dismissing with prejudice Appellant's amended complaint. *Id.* at 2. On June 3, 2015, Appellant filed a notice of appeal to this Court.

*(Footnote Continued)* ————————

**Rule 1028. Preliminary Objections**
(a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:
*** 
(3) insufficient specificity in a pleading;
(4) legal insufficiency of a pleading (demurrer);
*** 
(6) pendency of a prior action or agreement for alternative dispute resolution;
*Note:* An agreement to arbitrate may be asserted by preliminary objection or by petition to compel arbitration pursuant to the Uniform Arbitration Act, 42 Pa.C.S.[A.] § 7304, or the common law, 42 Pa.C.S.[A.] § 7342(a).
Pa.R.C.P. 1028(a)(3), (4), (6).

Preliminarily, before we may address the merits of the claims raised in Appellant's brief, we must first determine whether we have jurisdiction to entertain this appeal.[2]  A court's jurisdiction is a threshold issue that the court may consider at any time.  **McCutcheon v. Philadelphia Elec. Co.**, 567 Pa. 470, 478, 788 A.2d 345, 349 (2002).

Under Pennsylvania law, this Court may reach the merits of an appeal taken from (1) a final order or an order certified as final by the trial court (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312); or (4) a collateral order (Pa.R.A.P. 313).  **See In re Estate of Cella**, 12 A.3d 374 (Pa.Super. 2010); **Pennsy Supply, Inc. v. Mumma**, 921 A.2d 1184 (Pa.Super. 2007); **Stahl v. Redcay**, 897 A.2d 478 (Pa.Super. 2006).

---

[2] In the case *sub judice*, Appellees filed in this Court a motion to quash the instant appeal on the basis the May 19, 2015, order is a not a final, appealable order.  **See** Appellees' Motion to Quash Appeal, filed 7/6/15.  On July 20, 2015, Appellant filed an answer to the motion to quash, asserting the trial court's May 19, 2015, order "speaks for itself."  **See** Appellant's Answer to Motion to Quash Appeal, filed 7/20/15, at 2.  By order entered on August 19, 2015, this Court denied the motion to quash without prejudice to the moving party's right to again raise the issue presented by the motion before the merits panel.  Appellees have not raised before this panel the issue of whether the May 19, 2015, order is appealable.  However, "since we lack jurisdiction over an unappealable order it is incumbent on us to determine, *sua sponte*, when necessary, whether the appeal is taken from an appealable order."  **Kulp v. Hrivnak**, 765 A.2d 796 (Pa.Super. 2000) (citation omitted).

In the case *sub judice*, the trial court did not certify its May 19, 2015, order as a final order under Pa.R.A.P. 341(c),[3] and Appellant has not filed a petition with this Court seeking permission to appeal under Pa.R.A.P. 312. Further, Appellant does not contend that the order is an interlocutory order as of right under Pa.R.A.P. 311 or a collateral order under Pa.R.A.P. 313. Accordingly, this Court has jurisdiction only if the trial court's May 19, 2015, order is a final order pursuant to 42 Pa.C.S.A. § 742[4] and Pa.R.A.P. 341. Appellant apparently concurs with this conclusion, as his Statement of Jurisdiction in his appellate brief provides that this Court has jurisdiction over this appeal pursuant to Pa.R.A.P. 341(b)(1), as well as 42 Pa.C.S.A. §

---

[3] Pa.R.A.P. 341(c) provides the following:

> **(c) Determination of finality.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim [or when multiple parties are involved,] the trial court. . .may enter a final order as to one or more but fewer than all of the claims [and parties] only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order. . .that adjudicates fewer than all the claims [and parties] shall not constitute a final order[.]

Pa.R.A.P. 341(c).

[4] Except for certain exceptions not applicable to this case, Section 742 grants this Court "exclusive appellate jurisdiction of all appeals from **final orders** of the courts of common pleas. . . ."  42 Pa.C.S.A. § 742 (emphasis added).

742, on the basis the trial court's May 19, 2015, order is a final order disposing of all claims and all parties.

Pa.R.A.P. 341(b)(1) defines a "final order," in relevant part, as an order that "disposes of all claims and of all parties." Pa.R.A.P. 341(b)(1). Moreover, this Court has repeatedly held that "[f]or finality to occur, the trial court must dismiss with prejudice the complaint in full." ***Mier v. Stewart***, 683 A.2d 930, 930 (Pa.Super. 1996). ***See Niemiec v. Allstate Ins. Co.***, 721 A.2d 807 (Pa.Super. 1998) (holding that order referring claim to arbitration, sustaining preliminary objections, and dismissing one count of complaint with prejudice was not final and appealable). Additionally, "this Court repeatedly has held that an order directing a matter to arbitration is not a final, appealable order but, rather, is an interlocutory order." ***Pennsy Supply, Inc.***, 921 A.2d at 1194 (citation omitted). ***See Sew Clean Drycleaners and Launders, Inc. v. Dress for Success Cleaners, Inc.***, 903 A.2d 1254 (Pa.Super. 2006).

Here, the trial court's May 19, 2015, order did not dismiss Appellant's amended complaint with prejudice; but rather, the trial court's order gave Appellant an opportunity to present his claims in a pending arbitration, at least as to Appellees Armstrong, Fineburg, Greenberg, and Hayes. Despite the fact Appellant may not wish to proceed to arbitration, and instead desires immediate appellate review, the order is not "final" since it does not dispose of "all claims." ***See Pennsy Supply, Inc.***, *supra*; ***Mier***, *supra*

(indicating an order dismissing complaint without prejudice and leave to amend is not a final order). Simply put, the trial court's May 19, 2015, order did not preclude Appellant from further presenting the merits of his case to the trial court; but rather, indicated the claims could be presented to another forum.

Furthermore, the trial court's May 19, 2015, order is not "final" in that it did not dispose of "all parties." That is, although the trial court's order provided "upon consideration of [Appellees] Joseph A. Armstrong, Herbert R. Fineburg, Ted M. Greenberg, and Joseph Hayes' Joint Preliminary Objections" the court was sustaining the preliminary objections and granting Appellant leave to present the claims with regard thereto in a pending arbitration, there is no indication the trial court resolved the preliminary objections of the remaining defendant below, Appellee Offit Kurman, P.C. Also, there is no indication Appellee Offit Kurman, P.C., has been dismissed from this matter.

For all of the aforementioned reasons, we conclude the trial court's May 19, 2015, order is interlocutory and not appealable, and thus, we quash this appeal.

Appeal Quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2016