J-A29033-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ALEX LAROCHE, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRUCE BEERS, BEERS & | : | No. 1757 EDA 2018 |
| ASSOCIATES INC., GEORGE A. | : | |
| KOUNOUPIS ESQ. AND HAHALIS & | : | |
| KOUNOUPIS P.C. | | |

Appeal from the Order Entered May 30, 2018
In the Court of Common Pleas of Northampton County Civil Division at
No(s):  C-48-CV-2014-11930

BEFORE:   OTT, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:          **FILED JANUARY 11, 2019**

Appellant Alex LaRoche (hereinafter "LaRoche") appeals from the Stipulated Order entered in the Court of Common Pleas of Northampton County on May 30, 2018, which rendered final its prior Order of September 13, 2017, denying LaRoche's motion for summary judgment as to liability and granting the motion of Appellees Bruce Beers, Beers & Associates Inc., (collectively, "Beers"), George A. Kounoupis, Esq., and Hahalis & Kounoupis, P.C. (collectively, "Kounoupis") for summary judgment and dismissing LaRoche's action for wrongful use of civil proceedings pursuant to the

_____
*   Former Justice specially assigned to the Superior Court.

Dragonetti Act, 42 Pa.C.S.A. §§ 8351-8355.[1]  Following a careful review, we reverse and remand.

_____

[1] The parties erroneously purport to appeal from the trial court's September 13, 2017, Order; however, this Court quashed the appeal taken from that Order.  In doing so, we noted it was not a final order, and, thus, this Court did not have jurisdiction over that appeal.  ***See LaRoche v. Bruce Beers and Beers & Associates, Inc.***, 3253 EDA 2017, unpublished memorandum at 5 (Pa.Super filed May 2, 2018).

> In general, an appeal may be taken as of right only from a final order, which encompasses a judgment, decision, decree, sentence and adjudication, ***see*** Pa.R.A.P. 102, and, in relevant part, is defined as one that disposes of all claims and all parties or contains an express determination that an immediate appeal would facilitate a resolution of the entire case. ***See*** Pa.R.A.P. 341(a), (b)(1), (3), (c). The note following Rule 341 further provides that the failure of a party to apply to the court for a determination of finality does not result in a waiver, and the matter may be raised in a subsequent appeal following the entry of a final order. ***See*** Pa.R.A.P. 341, note. Thus, in an action involving multiple defendants, and in the absence of an express determination by the trial court under Rule 341(c), an order granting summary judgment as to one party is treated as appealable as of right only after the disposition of the claims involving the remaining parties. ***See generally Gutteridge v. A.P. Green Servs., Inc.,*** 804 A.2d 643, 650 (Pa.Super.2002) (stating that an order settling a case as to the remaining parties rendered the prior orders granting summary judgment final under Rule 341).

***K.H. v. J.R.***, 573 Pa. 481, 490, 826 A.2d 863, 869 (2003).

In Its May 30, 2018, Order, the trial court noted that "it is the desire and intent of all parties that the claims against the Beers Defendants be dismissed **without prejudice**, for the express purpose of allowing this [c]ourt's September 13, 217, Order to be recognized as a 'final order' within the meaning of Pa.R.A.P. 341, so that [LaRoche's] appeal may be considered on the merits[.]" (emphasis in original).  The court clarified that "[i]f [LaRoche's] appeal of this [c]ourt's September 13, 2017, Order [ ] results in

The trial court set forth the relevant facts and procedural history herein as follows:

> In January 2008, [LaRoche] executed an agreement with [Beers] for the construction of a home for a contract price of One Million One Hundred Thousand Dollars ($1,100,000.00). The contract contained an integration clause and a provision for written and fully executed change orders. On February 11, 2017, [Beers] represented by [Kounoupis] commenced an action in this [c]ourt against the LaRoche[] at docket number 2011-1027. By their Third Amended Complaint in that action, [Beers] set forth claims for breach of contract, promissory estoppel, and unjust enrichment, based on allegations that [] LaRoche[] had failed to pay [Beers] for all the work done under the contract in the amount of Fifty-Nine Thousand Eight Hundred Three Dollars and Forty Cents ($59,803.40), and additional work performed pursuant to written and oral agreements between the parties, in the amount of One Hundred Sixty-Four Thousand One Hundred Twenty -Nine Dollars and Ninety-Nine Cents ($164,129.99). Beers['] claims were never resolved on the merits. Rather, their action concluded on February 22, 2013 with the filing of a Praecipe to Discontinue and End.
> The instant matter commenced on December 15, 2014 with [LaRoche] filing a Complaint against [Beers] and [Kounoupis],

---

a reversal of that Order, then [Beers] shall again be joined as defendants in this action upon filing of a praecipe by any other party[.]"

Typically, an order dismissing a complaint without prejudice is considered interlocutory. **See Mier v. Stewart**, 683 A.2d 930 (Pa.Super. 1996). However, because the trial court's express purpose in dismissing the claims against Beers without prejudice was to allow this Court's September 13, 2017, Order to be recognized as a final order within the meaning of Pa.R.A.P. 341, we will consider the trial court's May 30, 2018, Order to be a final order for appellate purposes. **See Fastuca v. L.W. Molnar & Associates**, 950 A.2d 980, 986 (Pa.Super. 2008) (order will be considered a final order, and therefore appealable, if the practical ramification of the order is to dispose of the case).

setting forth a single claim of Wrongful Use of Civil Process as to the case at 2011-1027.

On or about July 25, 2017, the matter came before the undersigned on [LaRoche's] motion for summary judgment as to liability against all defendants, and the Kounoupis [] motion for summary judgment as [to] the claim against them. By an Order and Statement of Reasons entered on September 13, 2017, this [c]ourt denied [LaRoche's] summary judgment motion and granted the Kounoupis['] summary judgment motion on grounds that [LaRoche] had failed to establish a prima facie claim against [Kounoupis].[1]

While [LaRoche] alleged that he was entitled to relief based on [Beers'] execution of a Final Affidavit and Lien Waiver stating that he had been paid in full by [LaRoche], and also based on the contention that [Kounoupis] would have determined that [Beers] had been paid in full had they fully reviewed [Beers'] construction file, the [c]ourt found rejected [sic] these arguments as insufficient to overcome the [Kounoupis'] summary judgment motion. The [c]ourt based its ruling on the fact that [LaRoche's] claim against [Kounoupis] was in the nature of wrongful use of civil proceedings. Accordingly, the material issues were whether [Kounoupis] had procured, initiated or continued the civil proceedings against [LaRoche]; whether said proceedings were terminated in favor of [LaRoche]; whether [Kounoupis] did not have probable cause for their action; that the primary purpose for which the proceedings were brought was not that of securing the proper discovery, joinder of parties or adjudication of the claim on which the proceedings were based; and that [LaRoche] had suffered damages.

Upon review of the record relied upon by all parties, the [c]ourt determined that the evidence was uncontroverted that [Kounoupis] had procured, initiated or continued the civil proceedings against [LaRoche] and that said proceedings were terminated in favor of [LaRoche]. However, the [c]ourt also found that [Kounoupis] had probable cause for their action. The evidence was uncontroverted that [Kounoupis] had relied on [Beers] to apprise them of the relevant facts and the nature of his claim. It was also uncontroverted that the [Kounoupis] Defendants were aware of and had reviewed the aforementioned Waiver and the construction file. The evidence also demonstrated that [Kounoupis] relied on [Beers'] representations with respect to the construction file, which led them to conclude that the Beers had a claim against [LaRoche]. Finally, the evidence further demonstrated that [Kounoupis] had conducted independent legal

research with respect to the Waiver and had reason to believe that they could establish a claim notwithstanding the same. In light of this uncontroverted evidence as viewed through the lens of the applicable law, the [c]ourt found that [Kounoupis] had acted reasonably in bringing the underlying action, and that therefore, [LaRoche] could not establish the third element of [his] claim and [Kounoupis] was entitled to summary judgment in their favor.

[LaRoche] filed a timely appeal to the [c]ourt's ruling, but on May 2, 2018, the same was quashed pursuant to Pa.R.A.P. 341(c) relating to the finality of appealable orders given that the Order was silent as to [Beers] at a time when they remained parties of record. On May 30, 2018, the undersigned entered a Stipulated Order prepared by the parties which dismissed [Beers] as parties to the action, and this appeal followed.

_____

[1]At that juncture in the proceedings, [LaRoche] had reached a settlement with [Beers], but they remained parties of record.

Trial Court Opinion, filed 6/22/18, at 1-4.

LaRoche filed a timely notice of appeal following the May 30, 2018, Order on June 7, 2018. On June 12, 2018, the trial court ordered LaRoche to file a concise statement of matters complained of on appeal, and LaRoche complied on June 18, 2018. In his brief, LaRoche presents the following Statement of the Questions Involved.[2]

_____

[2] We point out that although LaRoche presents five questions, the argument section of his brief is divided into only four parts and discusses the claims in a different order than that in which they are presented in the questions involved portion. *See* Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part-indistinctive type or in type distinctively displayed-the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."); ***Donaldson v. Davidson Bros., Inc.***, 144 A.3d 93, 99 n. 9 (Pa.Super. 2016) (determining that the appellant had failed to comply with Rule 2119(a) where the appellant's brief did not "present and

1. At a minimum, does a genuine issue of material fact exist as to whether the lawyer for a contractor lacked probable cause to file, or acted in gross negligence by filing, a lawsuit against a homeowner for the alleged non-payment of an amount the contractor claimed to be due when, before filing suit, that lawyer knew that, to induce the homeowner to make final payment, the contractor stated in a sworn affidavit that:

> (a) all work on the property had been completed;
> (b) the contractor had been paid in full for all work performed on the property;
> (c) there were no sums of money due or owing to the contractor; and
> (d) the contractor waived any claims that could give rise to a mechanic's or other form of lien?

2. At a minimum, does a genuine issue of material fact exist as to whether a lawyer acted without probable cause or in gross negligence by filing a lawsuit in reliance on only oral statements of his client that the contractor and homeowner had entered into subsequent oral contracts for upgrades or additional work when:

> (a) the parties' written, integrated contract prohibited oral modification;
> (b) there was no written or other evidence of any oral agreement subsequent to the parties' written contract and the law requires precise, clear and convincing evidence of any oral agreement to modify the written agreement; and
> (c) the contractor's construction file, which the lawyer had for nine months before filing suit, established that the homeowner had paid the full fixed contract price, the home was constructed in accordance with the written construction contract without any additions or upgrades and that no allowances were exceeded?

3. Did the trial court err by invading the province of the jury in violation of *Nanty-Glo v. American Surety Company*, 309 Pa. 236,

---

develop eight arguments in support of the eight questions raised"). Because we are able to address LaRoche's issues, his noncompliance does not preclude our review.

238, 163 A. 523, 524 (Pa. 1932)[3] by "evaluating" evidence, determining the facts of the case, making "reasonableness" determinations and by crediting the moving parties' testimony that they relied on information provided by their client when a jury would be free to reject that testimony and determine other facts?

4. Did the trial court apply an erroneous legal standard in granting summary judgment in favor of [Kounoupis] and against [LaRoche]?

5. Did the trial court err in not granting summary judgment as to liability against the [Kounoupis] and in favor of [LaRoche] when the contractor's affidavit and construction file established, as a matter of law and fact: (i) the absence of probable cause and an improper motive for the prior action by the homebuilder against the homeowner; and, (ii) [Kounoupis'] gross negligence in commencing the prior lawsuit against Appellant and his wife?

Brief of Appellant at 7-9.

As this case involves the grant of summary judgment, we begin by observing that summary judgment is only appropriate in cases where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035.2(1). When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party. *Yenchi v. Ameriprise Fin., Inc.*, 639 Pa. 618, 161 A.3d 811, 818 (2017) (citing *Toy v. Metropolitan Life Ins. Co.*, 593 Pa. 20, 928 A.2d 186, 195 (2007)). An appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. *Fine[v. Checcio*, 582 Pa. 253,] 870 A.2d at 857 n.3 [(2005)]. Because the claim regarding whether there are genuine

---

[3] *Nanty-Glo* holds that without more, "testimonial affidavits of the moving party or his witnesses, not documentary, even if uncontradicted, will not afford a sufficient basis for the entry of summary judgment." *Larsen v. Philadelphia Newspapers, Inc.*, 602 A.2d 324, 333 (Pa.Super. 1991) (citing *Nanty-Glo*, 163 A. at 524).

> issues of material fact is a question of law, our standard of review is *de novo* and our scope of review is plenary. ***Id.***

***Nicolaou v. Martin***, 2018 WL 5019804, at *8 (Pa. Oct. 17, 2018). In addition, to the extent this Court must resolve a question of law, we review the trial court's grant of summary judgment in the context of the entire record. ***Yenchi v. Ameriprise Fin., Inc.***, 639 Pa. 618, 630, 161 A.3d 811, 818 (2017), *quoting* ***Summers v. Certainteed Corp.***, 606 Pa. 294, 307, 997 A.2d 1152, 1159 (2010).

In his Complaint filed on December 15, 2014, LaRoche brought a claim for wrongful use of civil proceedings, pursuant to 42 Pa.C.S.A. § 8351, *et seq.*, also known as the "Dragonetti Act," wherein he asserted that Beers and Kounoupis previously filed a Complaint in the Northampton County Court of Common Pleas at Docket No. C-48-CV-2011-1027 as a result of their gross negligence or in the absence of probable cause and for an improper purpose. This Court has described wrongful use of civil proceedings as "a tort arising when a person institutes civil proceedings with a malicious motive and lacking probable cause." ***Keystone Freight Corp. v. Stricker***, 31 A.3d 967, 971 (Pa.Super. 2011) (citation omitted). By enacting the Dragonetti Act, "our legislature ... abolished the common law rule which held that an action for malicious use of process could not be brought absent a seizure of the plaintiff's person or property." ***Rosen v. Tesoro Petroleum Corp.***, 582 A.2d 27, 30 (Pa.Super. 1990) (citation omitted), *appeal denied*, 527 Pa. 636, 592 A.2d 1303 (1991). This Court has observed that "by making it easier to establish a

case of malicious prosecution, the Pennsylvania legislature has expressed an interest in providing greater protection to those individuals and entities who may be forced to defend a baseless suit." *Id.* at 31.

The Dragonetti Act requires, in pertinent part, the following elements to establish a cause of action under the statute:

**§ 8351 Wrongful use of civil proceedings**

**(a) Elements of action.**—A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:

(1)   he acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and

(2)   the proceedings have terminated in favor of the person against whom they are brought.

42 Pa.C.S.A. § 8351(a).   The statute defines the existence of probable cause as follows:

**§ 8352. Existence of probable cause**

A person who takes part in the procurement, initiation or continuation of civil proceedings against another has probable cause for doing so if he reasonably believes in the existence of the facts upon which the claim is based, and either:

(1)   reasonably believes that under those facts the claim may be valid under the existing or developing law;

(2)   believes to this effect in reliance upon the advice of counsel, sought in good faith and given after full disclosure of all relevant facts within his knowledge and information; or

(3)  believes as an attorney of record, in good faith that his procurement, initiation or continuation of a civil cause is not intended to merely harass or maliciously injure the opposite party.

42 Pa.C.S.A. § 8352.

"A party has probable cause to bring an action when he reasonably believes in the facts on which it is based *and* in the viability of the legal theory under which it is brought." **Gentzler v. Atlee**, 660 A.2d 1378, 1382 (Pa. Super. 1995) (internal quotation marks and citation omitted; emphasis in original), *appeal denied*, 543 Pa. 694, 670 A.2d 142 (1995). However, even where a party possesses probable cause, a Dragonetti action may still be sustained by a showing of gross negligence. **See Keystone Freight Corp.**, 31 A.3d at 973. "Gross negligence is defined as the want of even scant care and the failure to exercise even that care which a careless person would use." **Id**. (citation omitted).

"Insofar as attorney liability is concerned, as long as an attorney believes that there is a slight chance that his client's claims will be successful, it is not the attorney's duty to prejudge the case.  Lawyers can safely act upon the facts stated by their clients." **Id**. (citations and quotation marks omitted). Notwithstanding, an attorney must not intend merely to harass the other party by initiating litigation. **Id**. **see also** 42 Pa.C.S.A. § 8352.  Moreover,

the plaintiff in a wrongful use of civil proceedings action need not obtain the defendant's outright 'confession' of improper purpose; an improper purpose may be inferred where the action is filed without justification.  Thus, a claim for wrongful use of civil proceedings will lie if the trier of fact could reasonably conclude

- 10 -

that the defendant initiated the underlying lawsuit without probable cause.

***Perelman v. Perelman***, 125 A.3d 1259, 1264 (Pa.Super. 2015), *appeal denied,* 636 Pa. 96, 141 A.3d 435 (2016)*.*

Herein, the trial court stated it is undisputed that LaRoche satisfied the first element of a wrongful use of civil proceedings claim in that Beers and Kounoupis filed a civil action against him on February 11, 2011. **See** Trial Court Opinion and Order of Court, filed 9/13/17, at 6. The court further determined that "[i]n keeping with the relevant case law, this [c]ourt is satisfied that the mere fact that Beers' action against [LaRoche] was voluntarily discontinued [is] a sufficient basis upon which to determine that the prior proceedings terminated in favor of [LaRoche]. **Id**. at 8.[4] However, the trial court ultimately held that Kounoupis had a reasonable legal and factual predicate for filing the underlying claim. In doing so, the court reasoned that Kounoupis, as counsel for Beers, reasonably relied in good faith

---

[4] While the underlying action was discontinued, LaRoche's counterclaim proceeded to a bench trial, following which the trial court issued Findings of Fact, Conclusions of Law, and a Verdict in favor of LaRoche and against Beers in the amount of Two Hundred Thirty-Six Thousand Three Hundred Eighty-Four Dollars ($236, 384.00). At trial, Beers testified following which the trial court posed additional questions. **See** N.T. 9/14/16, at 1-77. Specifically, the trial court questioned Beers regarding his claim that LaRoche had incurred a $50,000.00 overage on a macadam driveway. The trial court asked Beers for an accounting sheet, invoice, or receipt ledger pertaining to that additional charge, and expressed its incredulity when Beers indicated that he had no such documentation. **Id**. at 80-81, 82-84, 86.

J-A29033-18

upon the statement of facts his client had made to him regarding the amounts

LaRoche allegedly owed on the property, the import of a Waiver[5] signed by

_____

[5] On June 17, 2009, Beers signed under oath a construction/Permanent Lending Contactor's Final Affidavit and Lien Waiver which reads as follows:

> STATE OF <u>Pennsylvania</u>
> COUNTY OF <u>Northampton</u>
>
> CONSTRUCTION/PERMANENT LENDING  CONTRACTOR'S FINAL
> AFFIDAVIT AND LIEN WAIVER
>
> I, <u>BRUCE E. BEERS</u>, having been first duly sworn, depose and say that I am the general contractor, who has had charge of the construction completed on the afore described property; that all of the persons, firms, and corporations who have been employed in connection with said construction and who have furnished service, labor or materials in the construction or report of improvements on said afore described property, have been paid in full and there are no sum or sums of money due or owing to any persons, firms or corporations, which might entitle any firm, person or corporation to file a mechanics' lien or liens of any kind against the afore described property, has been fully completed and accepted by the owner thereof; that this affidavit is made in order to induce Wachovia Mortgage, FSB ("Lender") to make final payment in connection with the said construction permanent mortgage loan in favor of the owner of said property. LAROCHE, ALEXANDRE A & LAROCHE, ANDRIANA V, 190 WEST MOUNTAIN, WIND GAP, PA 180910000, Loan #0006788979.
>
> The undersigned general contractor covenants that no security agreements, chattel mortgages, conditional bills of sale of retention of title agreement have been given or executed by the said general contractor for or in connection with any material, appliances, machinery, fixtures, or furnishings placed upon or installed in the foresaid premises by him.
>
> The undersigned lienor, in consideration of value received, hereby waives its lien and right to claim a lien for labor, services or

- 12 -

Beers, and the status of a change order provision contained in the parties' Agreement. The court further was satisfied that "Kounoupis proceeded reasonably after undertaking legal research, which indicated to him that the parties could modify their written agreement by subsequent oral agreement notwithstanding the integration clause." *Id*. at 11-12 (citation and footnoted omitted).

We begin by evaluating LaRoche's first four related claims. Therein, LaRoche essentially argues that the trial court applied an erroneous legal standard in granting summary judgment in favor of Kounoupis because a genuine issue of material fact exists as to whether he lacked probable cause to file, or acted in gross negligence, when filing the 2011 lawsuit. LaRoche maintains Kounoupis conducted inadequate legal research and relied upon only Beers' oral statements in setting forth the allegations in the ***Dragonetti*** action despite the fact that the record contained Beers' sworn affidavit that all work on LaRoche's property had been completed and all payment from

---

materials furnished through JUNE 17, 2009 (insert date) to the above listed property.

Beers signed the Waiver as the "General Contractor," and the document was notarized.

We highlight for the trial court the fact that the waiver clearly and unambiguously provides that the work is completed and that Appellant has "paid [Appellee] in full for all of the work on the property." We also highlight the fact that the 2011 Lawsuit requested payment for "work on the property." We leave it to the factfinder to determine whether Appellee, in light of this clear and unambiguous language, had probable cause to file the 2011 lawsuit.

- 13 -

LaRoche had been received. Appellant posits that "[a]t a minimum, the Waiver creates a jury question as to the absence of probable cause for the Prior Action and the gross negligence of [Kounoupis'] supposed understanding of the Waiver *if* he understood it as applying only to work performed under the parties' written Contract." Brief of Appellant at 22-23. (emphasis in original). LaRoche urges that this is so especially in light of Kounoupis' deposition testimony wherein he agreed the Waiver applied to all claims Beers could have asserted for payment pertaining to all work done on the LaRoche's property. *Id*. at 24-25.

LaRoche further reasons the trial court violated the ***Nanty Glo*** Rule by admittedly evaluating the evidence and making reasonableness determinations that are the exclusive province of the jury. Because we find that in resolving Kounoupis' motion for summary judgment the trial court did not view the facts in the light most favorable to LaRoche, and, instead, accepted the version of the facts proffered by Kounoupis and Beers in violation of the well-established ***Nanty-Glo*** Rule, we agree. ***See Krolczyk v. Goddard Sys., Inc.,*** 164 A.3d 521, 527 (Pa.Super. 2017).

The ***Nanty–Glo*** Rule controls the use of oral testimony presented either through affidavits or depositions to determine the outcome of a case in motions practice. The Rule states "… the party moving for summary judgment may not rely **solely** upon its own testimonial affidavits or depositions, or those of its witnesses, to establish the non-existence of genuine issues of material

fact." ***Dudley v. USX Corp.***, 606 A.2d 916, 918 (Pa.Super. 1992), *appeal*

*denied*, 616 A.2d 985 (Pa. 1992) (emphasis added) (citation and footnote

omitted). Three (3) factors determine the applicability of the ***Nanty–Glo*** Rule:

> Initially, it must be determined whether the plaintiff has alleged facts sufficient to establish a *prima facie* case. If so, the second step is to determine whether there is any **discrepancy** as to any facts material to the case. Finally, it must be determined whether, in granting summary judgment, the trial court has usurped improperly the role of the [fact-finder] by resolving any material issues of fact. It is only when the third stage is reached that ***Nanty–Glo*** comes into play. The function of the summary judgment proceedings is to avoid a useless trial but is not, and cannot, be used to provide for trial by affidavits or trial by depositions. That trial by testimonial affidavit is prohibited cannot be emphasized too strongly.

***DeArmitt v. New York Life Ins. Co.***, 73 A.3d 578, 594–95 (Pa.Super. 2013)

(citation omitted) (emphasis added).  Therefore, in order for the ***Nanty–Glo***

Rule to apply in the instant matter, there must be a genuine discrepancy or

dispute as to a material fact which the trial court improperly has resolved.

In its Opinion and Order filed on September 13, 2017, the trial court on

numerous occasions indicated it "evaluated the evidence" and made

determinations as to the "reasonableness" of Kounoupis' actions.   However,

in doing so, the trial court relied upon Kounoupis' deposition testimony.   For

instance, the trial court stated that it:

> is satisfied that *Kounoupis' testimony* that he met with Beers multiple times to go over the alleged facts of the case before filing a complaint is *sufficient to establish the reasonableness of his reliance on Beers' representations* with regard to the amounts owed, the status of the Waiver, and the status of the change order provision contained in the Agreement.  . . . Likewise, the [c]ourt is satisfied that [ ] Kounoupis *proceeded reasonably* after

undertaking legal research, which indicated to him that the parties could modify their written agreement by subsequent oral agreement notwithstanding the integration clause.

Trial Court Opinion and Order, filed 9/13/17, at 12 (citation and footnotes omitted) (emphasis added).

In relying upon certain portions of Kounoupis' deposition testimony to resolve a genuine discrepancy of material fact as to whether the aforementioned Waiver created an absolute bar to the 2011 action, the trial court usurped the role of the fact-finder and, consequently, violated the Nanty-Glo Rule. **See DeArmitt**, **supra**. Viewed in the light most favorable to him as the non-moving party, LaRoche introduced sufficient documentary evidence and obtained testimonial evidence from which a jury could determine the Kounoupis had acted with gross negligence or without probable cause in filing that lawsuit. As stated previously, Beers executed a Waiver representing that all payment for all work on LaRoche's property had been remitted in full. Moreover, despite the allegations set forth in the 2011 complaint that additional work had been completed pursuant to oral agreements between the parties, Kounoupis admitted that the plain language of the Waiver was applicable to all possible claims Beers could have asserted for payment pertaining to work done on LaRoche's property:

> Q- So by this document, [] Beers was representing to the bank two things, that neither he nor any of his subcontractors or material men had any claims and had been paid for everything they were owed through June – through June 17, 2009. And in addition, that whatever claims Beers had, he was waiving; correct?

- 16 -

[Kounoupis]- Yes.

Deposition testimony of Kounoupis, 12/20/16, at 157.

We agree with LaRoche's allegation that, at a minimum, the Waiver alone created a genuine issue of material fact as to whether that Waiver barred any alleged subsequent oral agreements between LaRoche and Beers which eliminated probable cause for the 2011 action, the basis of which was that LaRoche had refused to make numerous payments pertaining to the property. As LaRoche posits, based upon the clear language of the Waiver and Kounoupis own testimony, "[a] jury would be free to find that [Kounoupis] acted without probable cause and/or in gross negligence in filing an action against [LaRoche] because [Kounoupis] **admitted** that the Waiver applied to any subsequent oral agreement, and that any contrary belief of [Kounoupis] was either non-existent or grossly negligent." Brief of Appellant at 30. (emphasis in original).

In addition, the trial court found Kounoupis "had conducted independent legal research with respect to the Waiver and had reason to believe that they could establish a claim notwithstanding the same." Trial Court Opinion filed, 6/22/18, at 3. Aside from Kounoupis' deposition testimony, however, the trial court cites to no evidence of record that establishes its findings that Kounoupis conducted legal research, properly relied on the "status" of the Waiver as represented by Beers when filing the 2011 litigation, or acted reasonably as a matter of law to support its bald conclusion. Indeed, Kounoupis' own

- 17 -

statements suggest he did not conduct research with respect to the import of the Waiver and instead considered the primary issue to involve how to avoid an integrated agreement:

Q- … [W]hat things did you research through Lexis Nexis?

A-     I researched specifically the case law which allows one to avoid an integrated agreement obviously. Right? Obviously, that's the issue at hand. We know it's an integrated agreement. We know there is a change order. Beers knew that when he came in. He knew that. That was the whole essence of his case…

Deposition testimony of George A. Kounoupis, 12/20/16, at 51-52. Kounoupis was unable to present documentary evidence to demonstrate he had conducted any legal research prior to filing the 2011 Complaint, and instead indicated that he based his statements he did so on his "memory and [his] identification of the right cases." *Id*. at 49-53.

There is also a lack of evidentiary support aside from Kounoupis' deposition testimony for the trial court's conclusion that Kounoupis consulted with Beers about the construction file on several occasions to substantiate allegations that oral change orders to the written contract had occurred. Trial Court Opinion, filed 6/22/18, at 7. Indeed, in finding that "there are no material conflicts with respect to the evidence," the trial court admittedly reliled solely upon deposition testimony in that it stresses that "LaRoche presented no evidence to controvert [Kounoupis'] testimony with regard to the steps they undertook relative to [Beers] claims." Trial Court Opinion, filed 6/22/18, at 7-8. Nowhere does the trial court indicate that it reviewed the

construction file to ensure that the allowance overages, extras and upgrades for which Beers sought payment had not been specified therein, and it instead improperly relied upon Kounoupis' statements concerning the same. Indeed, a jury could find the opposite to be true following a review of the complete construction file.

We further agree with LaRoche that the trial court erred when it required LaRoche to establish each element of a ***Dragonetti*** action to avoid having summary judgment entered in favor of Kounoupis. To the contrary, he needed to establish only the existence of a genuine issue of material fact as to a necessary element of a ***Dragonetti*** action to avoid having summary judgment entered against him. ***See*** Pa.R.Civ.P. 1035.2(2); ***Yenchi v. Ameriprise Fin., Inc.,*** 639 Pa. 618, 630–31, 161 A.3d 811, 818–19 (2017) (summary judgment must be entered in favor of the moving party whenever the non-moving party with the burden of proof at trial fails to produce sufficient evidence to create a genuine issue of material fact as to a necessary element of the cause of action that could be established by additional discovery). At a minimum, the Waiver created a genuine issue as to whether Beers waived any claim against LaRoche on the basis of which a mechanic's or other form of lien may be asserted and, therefore, whether Kounoupis had probable cause to file the 2011 Civil Complaint against LaRoche.

In his final issue, LaRoche argues the trial court erred in denying his Motion of Summary Judgment as to liability against all defendants. LaRoche

states the undisputed facts establish Kounoupis acted with gross negligence in filing the 2011 action without first conducting relevant legal research because the Waiver and documents contained in the construction file clearly contradict the allegations made therein. Brief of LaRoche at 48-53. LaRoche concludes that there is no genuine issue of material fact pertaining to an improper purpose for the prior action because:

> [w]hen [ ] Kounoupis announced his withdrawal from the Prior Action, he agreed to discontinue the Beers' Complaint. Instead of doing so, he filed a Praecipe to "Settle, Discontinue and End," which would have precluded [ ] LaRoche from filing a Dragonetti action because a "settlement" presupposes that there was no prevailing party. That he filed a Praecipe to "Settle" the Prior Action evidences [ ] Kounoupis's own belief that the Prior Action was less than meritless. He attempted that gambit precisely to prevent this Dragonetti action. These facts, coupled with the law's imprimatur that an improper purpose may be inferred from the absence of probable cause, establish [ ] Kounoupis' improper purpose of using the Prior Action as a blunt instrument to bludgeon the LaRoches, a young, inexperienced and seemingly wealthy couple, into paying money to Beers to which [ ] Kounoupis clearly knew Beers was not entitled.

*Id*. at 54-55.

In light of our previous discussion, we find that a genuine issue of material fact exists as to Kounoupis' liability at this juncture which can be explored further on remand. We further hold the trial court abused its discretion and committed an error of law by granting summary judgment in favor of Kounoupis and Beers on the record before it and in dismissing LaRoche's action for wrongful use of civil proceedings. Therefore, we reverse

- 20 -

the Order granting summary judgment in favor of Kounoupis and Beers and remand for further proceedings on LaRoche's Dragonetti Action.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/11/19