J-A23038-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BRANDY M. HERB | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KEYSTONE HUMAN SERVICES AND | : | No. 1632 MDA 2021 |
| KEYSTONE SERVICES SYSTEMS, | : | |
| INC. | | |

Appeal from the Order Entered November 10, 2021
In the Court of Common Pleas of Northumberland County Civil Division at
No(s):  CV-2021-00468

BEFORE:   BOWES, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED:  JANUARY 6, 2023**

Appellant Brandy M. Herb ("Appellant") appeals from the November 10, 2021, order entered in the Court of Common Pleas of Northumberland County, which granted the preliminary objections filed by Keystone Human Services and Keystone Services Systems, Inc. (collectively "Appellees") and provided Appellant shall file an amended complaint within thirty days of the order.  After a careful review, we quash this appeal.

The relevant facts and procedural history are as follows: Appellees are non-profit corporations, which provide support and services to individuals with intellectual disabilities, autism, and mental health conditions. They operate a

_____

[*] Former Justice specially assigned to the Superior Court.

residential group home in Upper Augusta Township, Pennsylvania. Appellant was Appellees' employee, and she held the position of direct support professional at the group home.

On April 5, 2021, Appellant filed a civil complaint against Appellees wherein she presented a claim of negligent supervision. She specifically averred that, beginning in April of 2012, one of her co-workers, Bamidele I. Joseph ("Joseph"), who was also a direct support professional at the group home, began asking Appellant for her phone number and made inquiries about the possibility of dating. Appellant's Complaint, filed 4/5/21, at 3. Appellant informed Joseph she was not interested in seeing him socially outside of work. *Id.* Despite Appellant's repeated rejection of Joseph's advances, he continued to pursue a romantic relationship, which made Appellant feel uncomfortable. *Id.*

Appellant further averred she sought the assistance of her work supervisor, Eric Maenpaa, and she informed him of Joseph's continued unwanted advances towards her. *Id.* As a result, Joseph and Appellant were placed on different work shifts; however, in 2019, Appellees modified Appellant's and Joseph's work schedules so that they overlapped for one hour on Monday mornings. *Id.* Joseph utilized this time to pursue a romantic relationship with Appellant; however, she continued to rebuff his advances. *Id.* at 4.

Appellant alleged that, on Monday, May 20, 2019, at 8:00 a.m., she began her shift at the group home, and when Joseph's shift ended at 9:00 a.m., he remained at the group home. *Id.* At 11:30 a.m., as Appellant stood outside of a bathroom waiting for a client, Joseph "wrapped his arms around [Appellant] and pulled her close to him." *Id.* at 5. Appellant demanded that Joseph release her, and she attempted to push him away. *Id.* Instead, as Appellant protested, Joseph sexually assaulted her. *Id.* Appellant alleged she immediately told her supervisor about Joseph's actions, and after the police investigated, Joseph was charged with various criminal offenses, including rape, sexual assault, aggravated indecent assault, and indecent assault.

On May 5, 2021, Appellees filed preliminary objections to Appellant's complaint. Specifically, therein, Appellees alleged that Appellant's claim of negligent supervision, which stemmed from alleged unwelcome sexual advances of a co-worker that occurred in the workplace, forms the basis for statutory claims of discrimination, harassment, and/or hostile work environment under the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951-963. Appellees argued the PHRA preempts the negligent supervision claim in this case, and thus, Appellant's complaint should be dismissed in its entirety with prejudice.

Alternatively, Appellees averred their preliminary objections should be sustained under Pa.R.C.P. 1028(a)(4) due to the legal insufficiency of Appellant's pleading. Specifically, Appellees alleged that "[Appellant] has

failed to state a claim for negligent supervision because the complaint does not contain facts that, if true, would allow her to show that [Appellees] knew or should have known that Joseph would have engaged in the alleged tortious conduct." Appellees' Preliminary Objections, filed 5/5/21, at 3. They further alleged "[Appellant] has failed to plead facts that establish [Appellees] knew or had reasons to know of the necessity to control Joseph just prior to the May 20, 2019, incident." *Id.* at 8. Consequently, Appellees alleged that, absent any allegations they knew or should have known that Joseph had dangerous propensities that would have led to the May 20, 2019, incident, Appellant's complaint did not plead sufficient facts to establish negligent supervision.

On May 19, 2021, Appellant filed a response to Appellees' preliminary objections.

On November 10, 2021, the trial court entered an order, which provided the following (verbatim):

[T]he Court hereby orders and directs as follows:

1. Defendants' Preliminary Objections are **GRANTED**. Plaintiff shall file an amended Complaint within thirty (30) days of the date of this order.

a. The Plaintiff asserts that the Pennsylvania Human Relations Act (PHRA) does not preempt the filing of a cause of action for negligent supervision, despite the federal cases cited by the Defendants, and claims that Pennsylvania has specifically allowed common-law causes of action despite the same fact-pattern supporting an action under the PHRA. Plaintiff has cited two Pennsylvania cases in support of this assertion—*Schweitzer v. Rockwell International*, 586 A.2d 383 (Pa.Super. 1990), and *Hoy v. Angelone*, 691 A.2d 476 (Pa.Super. 1997). Upon review of each case, the Pennsylvania Courts have rejected arguments that cause of actions for intentional infliction of emotional distress

- 4 -

and the tort of assault are NOT precluded by the PHRA. Neither case deals with the issue of whether a cause of action for negligent supervision is precluded. It would seem that causes of action for negligent supervision alone **are** preempted by the PHRA. **See Graudins v. Retro Fitness, LLC**, 921 F. Supp. 2d 456 (E.D. Pa. 2013), and **Booker v. National R.R. Passenger Corp.**, 880 F. Supp. 575 (E.D. Pa. 2012). So, this Court finds the holdings of the Federal lower courts persuasive and so holds the same to be true in this case.

Trial Court Order, filed 11/10/21, at 1-2 (emphasis in original).

On December 10, 2021, Appellant filed a notice of appeal to this Court. On December 17, 2021, the trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement, and Appellant filed a timely Rule 1925(b) statement on December 29, 2021. On February 2, 2022, the trial court filed a brief Rule 1925(b) opinion.

On March 2, 2022, this Court filed an order directing Appellant "to show cause…as to the finality or appealability of the [trial court's] order." Order, filed 3/2/22. On March 14, 2022, Appellant filed a response wherein she indicated, in pertinent part:

The [trial court's] November 10, [2021], order is a final, appealable order. In granting the demurrer, [the trial court] determined that the PHRA preempted [Appellant's] negligent supervision causes-of-action. That is, as a matter of law, [the trial court] determined that [Appellant] could not bring her negligent supervision causes-of-action against [Appellees]. Thus, the November 10, [2021], order terminated the action between [Appellant] and [Appellees], and no amendment to the complaint could cure the defect attacked by the demurrer or alter [the trial court's] legal conclusion. Accordingly, the November 10, [2021], order effectively disposed of all claims and is a final order.

Appellant's Response, filed 3/14/22, at 7.

By order entered on March 28, 2022, this Court discharged the rule to show cause and referred the issue to the merits panel for further consideration.

On appeal, Appellant sets forth the following issues in her "Statement of the Questions Involved" (verbatim):

> A. **Finality of the Order.** Is the trial court's November 10, 2021, order granting Keystone Human Services and Keystone Services Systems, Inc.'s demurrer to Brandi M. Herb's negligence claims a final, appealable order, when the trial court determined, as a matter of law, that the Pennsylvania Human Relations Act ("PHRA") preempted Herb's negligence claims, thereby disposing of all claims?
>
> B. **PHRA Preemption.** Did the trial court commit an error-of-law in holding that the "PHRA" preempted Brandy M. Herb's negligence claims against Keystone Human Services and Keystone Service Systems, Inc., when the PHRA does not bar tort claims based on the same underlying facts that could support a discrimination claim?

Appellant's Brief at 7 (bold in original) (suggested answers omitted).

Initially, we must determine the appealability of the order before us because "[t]he appealability of an order goes directly to the jurisdiction of the [c]ourt asked to review the order." *N.A.M. v. M.P.W.*, 168 A.3d 256, 260 (Pa.Super. 2017) (citation omitted). Our standard of review is *de novo*, and our scope of review is plenary. *Paluti v. Cumberland Coal LP*, 122 A.3d 418, 423 (Pa.Super. 2015) (citation omitted).

It is well-settled that this Court

> may reach the merits of an appeal taken from "(1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order [appealable] as of right (Pa.R.A.P. 311); (3)

- 6 -

an interlocutory order [appealable] by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313)."

***Commerce Bank/Harrisburg, N.A. v. Kessler***, 46 A.3d 724, 728 (Pa.Super. 2012) (brackets and parentheticals in original) (quotation omitted).

Here, Appellant maintains the trial court's November 10, 2021, order is a final order pursuant to Pa.R.A.P. 341. ***See*** Appellant's Brief at 18-19 (asserting the trial court's order is a final appealable order).

Pa.R.A.P. 341 relevantly provides:

**(a) General rule.**--Except as prescribed in paragraphs (d) and (e) of this rule,[1] an appeal may be taken as of right from any final order of a government unit or trial court.

**(b) Definition of final order.** A final order:

(1) disposes of all claims and of all parties;

(2) (Rescinded);

(3) is entered as a final order pursuant to paragraph (c) of this rule[.]

**(c) Determination of finality.**--When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the trial court or other government unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order….

---

[1] Paragraphs (d) and (e) are not applicable to this case. ***See*** Pa.R.A.P. 1925(d), (e).

Pa.R.A.P. 341(a), (b), (c) (bold in original) (footnote added).

Initially, we note Appellant did not file an application for a determination of finality under Pa.R.A.P. 341(c). That is, Appellant did not seek an "express determination [from the trial court] that an immediate appeal would facilitate resolution of the entire case." Pa.R.A.P. 341(c). Thus, the instant order was not "entered as a final order pursuant to paragraph (c)[.]" Pa.R.A.P. 341(b)(3).

In any event, Appellant insists the trial court's November 10, 2021, order is a final order under Pa.R.A.P. 341(b)(1). That is, she argues "the November 10, 2021, order effectively disposed of all claims and is a final order." Appellant's Brief at 19. However, we disagree with Appellant's contention and hold the trial court's November 10, 2021, order was an interlocutory order.

As mentioned *supra*, the trial court's order specifically provided that "Defendants' Preliminary Objections are **GRANTED**. Plaintiff shall file an amended Complaint within thirty (30) days of the date of [the] order." Trial Court Order, filed 11/20/21 (bold in original).

This Court has held that "[a]n order that sustains preliminary objections but with leave to file an amended complaint, is generally considered to be interlocutory and not a final, appealable decree." **Mier v. Stewart**, 683 A.2d 930, 930 (Pa.Super. 1996) (holding order dismissing complaint without prejudice and affording the plaintiff thirty days to file an amended complaint

was not a final order). This is because such an order does not "dispose of all claims and of all parties[.]" Pa.R.A.P. 341(b)(1). Accordingly, we conclude the trial court's November 10, 2021, order, which specifically directed Appellant to file an amended complaint, was not a final order under Rule 341(b)(1).

We note that there is no indication Appellant filed an amended complaint, and she did not do what was required to create a final, appealable order in this case, such as filing a praecipe to dismiss the complaint with prejudice. **See Chamberlain v. Altoona Hospital**, 567 A.2d 1067 (Pa.Super. 1989) (explaining procedure to obtain a final order where the trial court dismisses a complaint without prejudice, but where the plaintiff either does not wish to or does not timely comply with the trial court's order to amend the complaint). **See also Swinto v. Timko**, No. 1268 WDA 2020, 2021 WL 2399775 (Pa.Super. filed 6/11/21) (unpublished memorandum)[2] (relying on and explaining **Chamberlain**, **supra**). Instead, Appellant filed a notice of appeal from the trial court's interlocutory order.[3]

---

[2] We note Pa.R.A.P. 126(b), amended effective, May 1, 2019, provides that non-precedential decisions of this Court filed after May 1, 2019, may be cited for their persuasive value.

[3] This Court has recognized that, in some circumstances, where the trial court dismisses a complaint without prejudice, "if the practical consequence of the order by the trial court is effectively to put an appellant 'out of court' the order will be treated as final [pursuant to Pa.R.A.P. 341]." **Gordon v. Gordon**, 439 A.2d 683, 686 (Pa.Super. 1981) (*en banc*). Here, however, the trial court's
*(Footnote Continued Next Page)*

As indicated *supra*, interlocutory orders are appealable in certain circumstances. However, none of those circumstances apply to this case. Specifically, the November 10, 2021, order is not appealable as of right under Pa.R.A.P. 311(a). Further, Appellant did not ask for or receive permission to appeal the interlocutory order under Pa.R.A.P. 312, Pa.R.A.P. 1311, or 42 Pa.C.S.A. § 702(b). Moreover, Appellant has not developed any argument that the November 10, 2021, order is a collateral order under Pa.R.A.P. 313.[4] Thus, consistent with **Mier**, **supra**, we are constrained to find the order interlocutory and non-appealable. **See Mier**, 683 A.2d at 930 ("For finality to occur, the trial court must dismiss with prejudice the complaint in full.").

Appeal Quashed.

_____

order did not put Appellant out of court; but rather, Appellant elected to file an appeal rather than amend her complaint as directed by the trial court or file a praecipe to dismiss the complaint with prejudice.

[4] Rule 313(b) provides:
> A collateral order is an order [1] separable from and collateral to the main cause of action[, 2] where the right involved is too important to be denied review and [3] the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313(b).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>01/06/2023</u>