567 A.2d 1067

**Mary I. CHAMBERLAIN, Administratrix of the Estate of James E. Zimmerman, Deceased, Appellant,**

**v.**

**ALTOONA HOSPITAL, Jamie Montanez, M.D. and Muthu Verrappan, M.D.**

Superior Court of Pennsylvania.

Argued March 1, 1989.

Filed Dec. 4, 1989.

Reargument Denied Jan. 16, 1990.

Michele H. Lally, Pittsburgh, for appellant.

Edward T.J. Grabowski, Hollidaysburg, for Altoona, appellee.

Gregory S. Olsavick, Altoona, for Montanez and Verrappan, appellees.

Before CIRILLO, President Judge, and BROSKY and TAMILIA, JJ.

TAMILIA, Judge.

This is an appeal from the June 28, 1988 Order of court, docketed June 30, 1988, denying appellant's petition to strike/open a judgment of non pros. Appellant filed her original complaint on March 30, 1987. On June 8, 1987, appellee Jamie Montanez, M.D., filed preliminary objections to the complaint, in the form of a motion to strike and/or compel a more specific complaint. The court granted the motion on September 25, 1987,[1] and directed appellant to file a more specific complaint within twenty (20) days of the Order. The Order did not contain any specific threatened

---

1. Appellee Altoona Hospital also filed preliminary objections, including a motion for a more specific pleading, which the court granted. On appeal, Altoona Hospital has filed a brief, arguing the dismissal of appellant's amended complaint and the denial of her petition to strike/open was correct. However, appellant's action has been dismissed as to appellee Montanez only. As such, appellant's cause of action against Altoona Hospital has remained viable.

sanction for noncompliance, such as dismissal of appellant's action.

On October 19, 1987, appellee Montanez, upon appellant's noncompliance with the above Order, obtained a non pros judgment against appellant. Appellee did not obtain the non pros judgment upon motion to the court. Rather, he obtained it by a praecipe filed with the prothonotary for "failure to file the amended complaint on or before October 15, 1987, in accordance with the ... Order of Court." Appellee attached a certificate of service, certifying appellant's counsel had been served with the praecipe. Appellant filed an amended complaint on October 22, 1987, three days after the prothonotary accepted the praecipe for non pros. The prothonotary accepted appellant's amended complaint, nonetheless. On October 30, 1987, appellee Montanez filed a motion to strike the amended complaint, citing the previous entry of non pros as a bar to the complaint's filing, and requesting dismissal of the complaint in its entirety.

The litigation proceeded, and not until June 16, 1988 did the court hold the prothonotary had correctly entered non pros. On that basis, the court dismissed the amended complaint as to appellee Montanez only. On June 27, 1988, appellant filed the petition to strike/open. The court denied the petition without a hearing, and this appeal followed.

Appellant first questions the authority of the prothonotary to enter non pros upon praecipe under the present circumstances. The prothonotary performs a ministerial function which includes administering oaths, affixing court seals to records, entering judgments on the docket and exercising such other powers and duties "as may ... be invested in or imposed upon the office by law, home rule charter, order or rule of court, or ordinance ..." *See* 42 Pa.C.S. § 2737; *Fox v. Gabler*, 282 Pa.Super. 490, 423 A.2d 351 (1981). His power therefore comes not from his office but from the instrument under which he acts. *Smith v. Safeguard Mut. Ins. Co.*, 212 Pa.Super. 83, 239 A.2d 824 (1968). Where the prothonotary takes an action beyond his authority, such as the entry of judgment where he is not

empowered to do so, his action is void, and the judgment entered is a nullity. *Ruehl v. Maxwell Steel Co., Inc.,* 327 Pa.Super. 39, 474 A.2d 1162 (1984). Therefore, it is incumbent upon this Court to determine whether the prothonotary acted within his authority in entering a non pros judgment based on a praecipe, following appellant's failure to timely file an amended complaint.

We begin with a review of the two Pennsylvania Rules of Civil Procedure pertaining to the entry of judgment for failure to file appropriate pleadings. Pa.R.C.P. 237.1 provides, *inter alia:*

(a) No judgment by default shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered to the party against whom judgment is to be entered and to his attorney of record, if any, after the default occurred and at least ten days prior to the date of the filing of the praecipe. If a written agreement for an extension of time specifies a time within which the required action must be taken and a default occurs thereafter, judgment by default may be entered by the prothonotary without prior notice under this rule. A copy of the notice or agreement shall be attached to the praecipe.

(b) This rule does not apply to (1) a judgment entered pursuant to an order of court or rule to show cause or (2) any action subject to the provisions of Act No. 6 of 1974, P.L. 13, 41 P.S. § 101 et seq.

Rule 237.1, "by its very title and wording, ... applies only to default judgments," and not to judgments of non pros. *See Perri v. Broad Street Hospital,* 330 Pa.Super. 50, 53, 478 A.2d 1344, 1346 (1984). The *Perri* court's conclusion is consistent with the Explanatory Note to Rule 237.1, which carefully distinguishes those rules. *See* Pa.R. C.P. 237.1, Explanatory Note—1979.

Even if Rule 237.1 were applicable to non pros judgments, the court has not interpreted the phrase "pursuant to an order of court" in 237.1(b) to permit the type of action taken

here. In *Academy House Council v. Phillips*, 312 Pa.Super. 364, 458 A.2d 1002 (1983), the defendant failed to file an answer after the trial court denied preliminary objections and gave defendant, by Order, the "right to plead over within 20 days." Plaintiff then praeciped for default judgment. This Court reversed, reasoning the phrase "pursuant to order of court" meant the Order itself had to specify that judgment be entered. The phrase was intended to obviate the need for prior notice where the *court* was entering judgment, and it was not intended to permit the prothonotary to enter judgment as a sanction for noncompliance with a previous court Order. *Id.* 458 A.2d at 1004. Hence, Rule 237.1 does not empower the prothonotary to enter non pros upon praecipe.

Turning to Pa.R.C.P. 1037, we find the rule provides, in relevant part:

(a) If an action is not commenced by a complaint, the prothonotary, upon praecipe of the defendant, shall enter a rule upon the plaintiff to file a complaint. If a complaint is not filed within twenty (20) days after service of the rule, the prothonotary, upon praecipe of the defendant, shall enter a judgment of non pros.

(b) The prothonotary, on praecipe of the plaintiff, shall enter judgment against the defendant for failure to file within the required time an answer to a complaint which contains a notice to defendant or for any relief admitted to be due by the defendant's pleadings.

. . . .

(c) In all cases, the court, on motion of a party, may enter an appropriate judgment against a party upon default or admission.

Appellee contends the "spirit" of 1037(a) empowers the prothonotary to enter non pros where plaintiff has failed to file either an original or an amended complaint. The clear wording of the rule only authorizes non pros where "an action is not commenced by a complaint," and this argument is also flawed in light of the *Academy House* holding.

Under appellee's rationale, one could also read Rule 1037(b) as permitting the entry of non pros for failure to answer after the denial of preliminary objections by an Order of court. This Court's interpretation of Rule 237.1(b), in *Academy House*, implicitly rejects this reading. Additionally, we must reject appellee's spirit of the rule argument because the rules are to be read in pari materia. Pa.R.C.P. 131. We thus do not find the requisite authority in Rule 1037(a).

Rule 1037(b) refers to the plaintiff's entry of non pros based on the defendant's failure to answer in the required time. Clearly, 1037(b) does not apply here. Finally, Rule 1037(c) does not apply either because it grants authority to the court, on motion of a party, to enter non pros where appropriate.

We, therefore, come to the inevitable conclusion that, where an amended complaint is not timely filed in accordance with an Order of court, the only proper method for obtaining a judgment of non pros against the plaintiff is by motion to the court for non pros. The prothonotary does not have the authority under those circumstances to interpret the Order and enter non pros solely upon the defendant's praecipe. Procedurally, appellee should have filed a motion of non pros with the court rather than a praecipe with the prothonotary.

On the other hand, failing to utilize the proper procedure does not render the amended complaint admissible as the time for filing was beyond that set by the court. We believe a just result in this case can only be reached by returning it to the point prior to the filing of the praecipe, after the time had passed to comply with the court Order.

We remand the case to the trial court to have a hearing on the appellee's motion to strike the amended complaint, which places the parties at the point where they should be. While the non pros may be stricken as improvidently entered, the right to file the amended complaint still must be determined. Appellee is entitled to a hearing on the effect the late filing would have on the conduct of the case. Otherwise, appellant benefits by two prothonotary errors:

accepting the praecipe and, subsequently, after non pros was on the record, accepting the amended complaint. We believe the most appropriate means of determining these issues and eradicating the erroneous procedure is to return the case for a hearing on the motion to strike the amended complaint.

Orders vacated and case remanded for proceedings in accordance with this Opinion.

Jurisdiction relinquished.