J-A26030-17

## NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| SCE ENVIRONMENTAL GROUP, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC & CHRISTINE SPATT, | : | No. 283 MDA 2017 |
| | | |
| Appellees | | |

Appeal from the Order Entered January 13, 2017
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s):  2015-CV-30062

BEFORE:  BOWES, J., OLSON, J., and RANSOM, J.

MEMORANDUM BY OLSON, J.:                    **FILED JANUARY 04, 2018**

Appellant, SCE Environmental Group, Inc., appeals from the order entered on January 13, 2017, which sustained the preliminary objections filed by Eric and Christine Spatt (hereinafter, collectively, "the Defendants") and dismissed Appellant's complaint without prejudice.  We quash this appeal.

The trial court ably summarized the underlying facts and procedural posture of this appeal.  As the trial court explained:

> On May 26, 2015, [Appellant] filed a [Mechanics'] Lien claim[,] in the amount of [$371,424.79, against the Defendants].  Thereafter, on May 3, 2016, [Appellant] filed [a complaint] pursuant to the Mechanics' Lien Law of 1963, 49 P.S. § 1101, *et seq.* . . .  Therein, [Appellant] alleged that a fire occurred on June 27, 2014, at a property located at 1264 Mid Valley Drive, in Jessup, [Pennsylvania

(hereinafter "the Property")]. According to [Appellant], the Property was previously owned by both [of the Defendants], but was later transferred solely to Defendant Eric Spatt. [Appellant] alleged that[,] at the time, the Property was occupied by Scranton Cooperage, Inc., a Pennsylvania corporation with its [principal] address listed at 1264 Mid Valley Drive, in Jessup, [Pennsylvania], otherwise known as the Property. . . .

[Appellant] asserted that it entered into a Master Services Agreement for Emergency Services with Scranton Cooperage on July 3, 2014 for work on the Property. The Master Services Agreement specifically lists the scope of work as "Emergency Response Work." [Appellant] also attached a July 11, 2014 signed proposal[,] further detailing the scope and type of work to be performed. [In this signed proposal,] the scope of work is described as "stabilization of the site as well as the management of the potential soil impact along the northeast swale along the Equilibrium property." The signed proposal additionally describes the work as management of the soil and stormwater, as well as soil contaminants.

[Appellant] further asserted that Scranton Cooperage contacted [Appellant] in March 2015 for a proposal regarding the disposal, cleaning[,] and removal of a frac [tank] on the property, work estimated at $17,276.93. [Appellant] alleged that work was performed from [October 2014 to May 2015] according to the agreement and subsequent proposal and sent an invoice to the [Defendants] totaling $371,424.79.

[Appellant] claimed that the [Defendants have] not paid [Appellant] for any of the work performed. [Appellant] asserts that it is a contractor as defined under the Mechanics' Lien Law. As such[, Appellant] filed a Mechanics' Lien claim in the amount of [$371,424.79]. [Appellant] claims that[,] at the time the claim was filed, the Defendants were the owners of the property to which [Appellant's] mechanics' lien attached. As such, [Appellant] demanded judgment against the Defendants in the sum of $371,424.79, plus interest, reasonable attorneys' fees[,] and costs.

- 2 -

On July 22, 2016, Defendant Eric Spatt filed [] preliminary objections [to Appellant's complaint. The preliminary objections were] in the nature of a demurrer under [Pa.R.C.P.] 1028(a)(4), a motion to strike pursuant to [Pa.R.C.P.] 1028(a)(3) and [Pa.R.C.P.] 1019(a) for lack of specificity, and a motion to strike pursuant to [Pa.R.C.P.] 1028(a)(3) on the basis of an agreement for alternative dispute resolution contained in the contract. . . .

[Later, on November 4, 2016, Defendant Christine Spatt filed preliminary objections to Appellant's complaint. Defendant Christine Spatt's preliminary objections were substantively identical to the preliminary objections filed by Defendant Eric Spatt.]

[Following oral argument,] on January 13, 2017, [the trial] court entered an order [that sustained the Defendants' preliminary objections and dismissed Appellant's] complaint [against Defendants], without prejudice, for failure to meet the requirements of the Mechanics' Lien Law of 1963, 49 P.S. § 1101, *et seq.* . . .

Trial Court Opinion, 5/24/17, at 1-3 (some internal capitalization and citations omitted).

On February 8, 2017, Appellant filed a notice of appeal from the trial court's January 13, 2017 order. We now quash this appeal.

As we have explained, this Court is obligated to "first ascertain whether the [order appealed from] is properly appealable, because the question of appealability implicates the jurisdiction of this [C]ourt." **Commonwealth v. Borrero**, 692 A.2d 158, 159 (Pa. Super. 1997). "The general rule is that, unless otherwise permitted by statute, only appeals from final orders are subject to appellate review." **Commonwealth v. Sartin**, 708 A.2d 121, 122 (Pa. Super. 1998). In relevant part, Pennsylvania Rule of Appellate Procedure 341 defines a "final order" as any

order that "disposes of all claims and of all parties." Pa.R.A.P. 341(b)(1). Further, as this Court has held, "for finality to occur, the trial court must dismiss **with prejudice** the complaint in full." *Mier v. Stewart*, 683 A.2d 930, 930 (Pa. Super. 1996) (emphasis added).

In the case at bar, the trial court sustained the Defendants' preliminary objections and dismissed Appellant's complaint **without prejudice**. The dismissal of Appellant's complaint without prejudice implicitly granted Appellant 20 days in which to file an amended complaint – indeed, the words "without prejudice" have no contextual meaning unless they denote that Appellant was granted leave to amend the complaint. *See* Pa.R.C.P. 1028(e).

Yet, Appellant did not file an amended complaint and Appellant did not do what was required to create a final, appealable order in this case, such as filing a *praecipe* to dismiss its complaint with prejudice. *See Hionis v. Concord Twp.*, 973 A.2d 1030, 1035–1036 (Pa. Cmwlth. 2009) (explaining procedure to obtain a final order where the trial court dismisses a complaint without prejudice, but where the plaintiff either does not wish to or does not timely comply with the trial court's order to amend the complaint); *Chamberlain v. Altoona Hosp.*, 567 A.2d 1067, 1069–1070 (Pa. Super.

1989) (same). Instead, Appellant filed a notice of appeal from the trial court's interlocutory, January 13, 2017 order.[1]

Further, while interlocutory orders are appealable in certain circumstances, none of those circumstances applies to the case at bar. Our Supreme Court has explained:

> in addition to an appeal from final orders of the Court of Common Pleas, our rules provide the Superior Court with jurisdiction in the following situations: interlocutory appeals that may be taken as of right, Pa.R.A.P. 311; interlocutory appeals that may be taken by permission, Pa.R.A.P. [312]; appeals that may be taken from a collateral order, Pa.R.A.P. 313; and appeals that may be taken from certain distribution orders by the Orphans' Court Division, Pa.R.A.P. 342.

***Commonwealth v. Garcia***, 43 A.3d 470, 478 n.7 (Pa. 2012) (internal quotations omitted), *quoting* ***McCutcheon v. Phila. Elec. Co.***, 788 A.2d 345, 349 n.6 (Pa. 2002).

---

[1] We note that the interlocutory nature of the trial court's order is not altered by the fact that the 20-day time-frame granted to Appellant to file an amended complaint has expired. ***See Hionis***, 973 A.2d at 1036 ("It should be noted that an order sustaining preliminary objections often grants the plaintiff leave to amend within a time certain or suffer dismissal. Such an order is interlocutory and never will become appealable, because it is a mere direction that an order be entered at some time in the future, unaccompanied by actual entry of the specified order in the docket. In order to appeal such an order, the plaintiff must allow the period for amendment specified in the lower court's order to expire, and then *praecipe* the lower court clerk to enter an order dismissing the complaint") (*quoting* 20 G. RONALD DARLINGTON, ET AL., PENNSYLVANIA APPELLATE PRACTICE § 301:19 (2008-2009)) (emphasis omitted).

Here, the challenged order is not defined as appealable as of right (*per* Pa.R.A.P. 311), Appellant did not ask for or receive permission to appeal the interlocutory order (*per* Pa.R.A.P. 312), and Appellant has not provided this Court with any argument as to whether—or how—the order could satisfy the collateral order doctrine (*per* Pa.R.A.P. 313). Thus, since we do not have jurisdiction over this appeal, we are required to quash Appellant's appeal. ***See*** 42 Pa.C.S.A. § 742.

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/4/2018