J-S07008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ALAN B. ZIEGLER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| COMCAST CORPORATION D/B/A | : | No. 1431 MDA 2018 |
| COMCAST BUSINESS | : | |

Appeal from the Order Entered August 7, 2018
In the Court of Common Pleas of Berks County Civil Division at No(s):
18-00353

BEFORE:   OLSON, J., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY OLSON, J.:              **FILED: MARCH 27, 2019**

Appellant, Alan B. Ziegler, appeals from the order entered on August 7, 2018, which sustained in part and overruled in part the preliminary objections filed by Comcast Corporation d/b/a Comcast Business (hereinafter "Comcast") and which dismissed Appellant's action without prejudice, so that Appellant could refile in the magisterial district court.  We quash this appeal.

The trial court ably summarized the facts underlying this appeal:

> [On June 18, 2018, Appellant filed a complaint against Comcast.  Within the complaint, Appellant] alleged that[,] in July 2017, he began negotiating with a business account executive of [Comcast] to switch his telephone and internet service to [Comcast] from another provider.  During negotiations, [Appellant] insisted that the sales tax and other fees be included in the negotiated sum for telephone and internet services to establish a monthly amount certain on the billing of his account.  [Appellant] alleged that the account executive estimated the sales taxes and other fees to be approximately ten percent of the contract price.

_____

\* Retired Senior Judge assigned to the Superior Court.

[Appellant] claimed that on July 24, 2017, [Comcast] sent [him] a writing confirming that the monthly charges were $204.65 (which amount [Appellant] insists included taxes and fees), plus a one-time installation charge of $119.80. . . .

Starting in October 2017 [Comcast] billed [Appellant] $204.65 plus taxes and fees. [Appellant] only paid the $204.65 and refused to pay the taxes and fees. This continued [in subsequent billings – with Appellant] only pa[ying] the estimated monthly charges and not the applicable taxes and fees. . . .

On April 6, 2018, [Comcast] shut off [Appellant's] services because the bills were not being paid in full. [Appellant] made his regular $204.65 monthly payment and the services were restored. [Appellant's] services were shut off again on April 11, 2018 and [Appellant] filed an emergency injunction requesting that [Comcast] be ordered to turn on and leave on [Appellant's] services pending further order of court. The injunction was granted on April 11, 2018. On June 18, 2018, [Appellant] filed a complaint against [Comcast] demanding damages "in excess of $50,000." The complaint assert[ed] three causes of action: at Count I, breach of contract; at Count II, fraud; and[,] at Count III, negligent misrepresentation. . . .

Trial Court Opinion, 10/3/18, at 1-3 (some internal capitalization omitted).

Comcast responded to Appellant's complaint by filing preliminary objections. The preliminary objections were on the following grounds: 1) in the nature of a demurrer to Appellant's breach of contract claim because "the contract expressly provides that taxes and fees are not included in the estimated monthly price;" 2) in the nature of demurrers to the fraud and negligent misrepresentation claims, as the claims are barred by the gist of the action doctrine; and 3) a demand to compel arbitration, unless the trial court should determine that Appellant's "claims fall within the jurisdictional limits of

the small claims court."[1] *See* Comcast's Preliminary Objections, 7/9/18, at 1-12.

On August 7, 2018, the trial court entered an order sustaining in part and overruling in part Comcast's preliminary objections. Specifically, the trial court: overruled Comcast's demurrer to the breach of contract (Count I) claim; sustained Comcast's demurrers to the fraud (Count II) and negligent misrepresentation (Count III) claims, thus dismissing Counts II and III; and, overruled Comcast's demand to compel arbitration. Trial Court Order, 8/7/18, at 1-2. Further, the trial court's order declared:

> because the tort claims are being dismissed, this case should be filed with the magisterial district justice as the amount in controversy on the alleged breach of contract claim is $445.66, the amount of taxes and fees in dispute. . . .
>
> It is further **ORDERED** that this matter is **DISMISSED WITHOUT PREJUDICE** to refiling before the magisterial district justice.

*Id.* at 2 (internal paragraph numbering and some internal capitalization omitted).

On August 27, 2018, Appellant filed a notice of appeal from the trial court's August 7, 2018 order. We now quash this appeal.

---

[1] Within the preliminary objections, Comcast claimed that "there is a valid agreement to arbitrate between the parties, and [Appellant's] claims . . . fall squarely within the arbitration provision. The only way [Appellant] can avoid arbitration is if he opted out of the arbitration requirement, which he did not, or if his claims fall within the jurisdictional limits of the small claims court." Comcast's Preliminary Objections, 7/9/18, at ¶¶ 29-30 (internal paragraphing and citations omitted).

As we have explained, this Court is obligated to "first ascertain whether the [order appealed from] is properly appealable, because the question of appealability implicates the jurisdiction of this [C]ourt." ***Commonwealth v. Borrero***, 692 A.2d 158, 159 (Pa. Super. 1997). "The general rule is that, unless otherwise permitted by statute, only appeals from final orders are subject to appellate review." ***Commonwealth v. Sartin***, 708 A.2d 121, 122 (Pa. Super. 1998). In relevant part, Pennsylvania Rule of Appellate Procedure 341 defines a "final order" as any order that "disposes of all claims and of all parties." Pa.R.A.P. 341(b)(1). Further, as this Court has held, "for finality to occur, the trial court must dismiss **with prejudice** the complaint in full." ***Mier v. Stewart***, 683 A.2d 930, 930 (Pa. Super. 1996) (emphasis added).

In the case at bar, although the trial court sustained Comcast's demurrers to the fraud and negligent misrepresentation claims, the trial court overruled Comcast's demurrer to the breach of contract claim – thus permitting that claim to survive. Trial Court Order, 8/7/18, at 1-2. Further, after determining that the amount in controversy was within the jurisdiction of the magisterial district court, the trial court declared that Appellant's complaint was "dismissed without prejudice to refiling before the magisterial district justice."[2] ***Id.*** at 2 (internal emphasis omitted).

_____

[2] We do not have subject matter jurisdiction over this appeal and, thus, we may not pass upon the merits of the case. However, we point the trial court to 42 Pa.C.S.A. § 5103 (concerning transfer of erroneously filed matters).

Therefore, in this case, the trial court's August 7, 2018 order did not "dispose[] of all claims and of all parties," as Appellant's breach of contract claim is still viable and any dismissal of Appellant's complaint was "without prejudice." **See** Pa.R.A.P. 341(b)(1). Nevertheless, Appellant did not file an amended complaint and Appellant did not do what was required to create a final, appealable order in this case, such as filing a *praecipe* to dismiss his complaint with prejudice. **See Hionis v. Concord Twp.**, 973 A.2d 1030, 1035–1036 (Pa. Cmwlth. 2009) (explaining procedure to obtain a final order where the trial court dismisses a complaint without prejudice, but where the plaintiff either does not wish to or does not timely comply with the trial court's order to amend the complaint); **Chamberlain v. Altoona Hosp.**, 567 A.2d 1067, 1069–1070 (Pa. Super. 1989) (same). Instead, Appellant filed a notice of appeal from the trial court's interlocutory, August 7, 2018 order.[3]

Further, while interlocutory orders are appealable in certain circumstances, none of those circumstances applies to the case at bar. Our Supreme Court has explained:

---

[3] We note that the interlocutory nature of the trial court's order is not altered by the fact that the 20-day time-frame granted to Appellant to file an amended complaint has expired. **See Hionis**, 973 A.2d at 1036 ("It should be noted that an order sustaining preliminary objections often grants the plaintiff leave to amend within a time certain or suffer dismissal. Such an order is interlocutory and never will become appealable, because it is a mere direction that an order be entered at some time in the future, unaccompanied by actual entry of the specified order in the docket. In order to appeal such an order, the plaintiff must allow the period for amendment specified in the lower court's order to expire, and then *praecipe* the lower court clerk to enter an order dismissing the complaint") (*quoting* 20 G. RONALD DARLINGTON, ET AL., PENNSYLVANIA APPELLATE PRACTICE § 301:19 (2008-2009)) (emphasis omitted).

> in addition to an appeal from final orders of the Court of Common Pleas, our rules provide the Superior Court with jurisdiction in the following situations: interlocutory appeals that may be taken as of right, Pa.R.A.P. 311; interlocutory appeals that may be taken by permission, Pa.R.A.P. [312]; appeals that may be taken from a collateral order, Pa.R.A.P. 313; and appeals that may be taken from certain distribution orders by the Orphans' Court Division, Pa.R.A.P. 342.

*Commonwealth v. Garcia*, 43 A.3d 470, 478 n.7 (Pa. 2012) (internal quotations omitted), *quoting* *McCutcheon v. Phila. Elec. Co.*, 788 A.2d 345, 349 n.6 (Pa. 2002).

Here, the challenged order is not defined as appealable as of right (*per* Pa.R.A.P. 311), Appellant did not ask for or receive permission to appeal the interlocutory order (*per* Pa.R.A.P. 312), and Appellant has not provided this Court with any argument as to whether – or how – the order could satisfy the collateral order doctrine (*per* Pa.R.A.P. 313). Thus, since we do not have jurisdiction over this appeal, we are required to quash the appeal. *See* 42 Pa.C.S.A. § 742.

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/27/2019

- 6 -