J-A14003-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LISA SWINTO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SCOTT TIMKO AND FRIENDS OF | : | No. 1268 WDA 2020 |
| SCOTT TIMKO | : | |

Appeal from the Order Entered November 4, 2020
In the Court of Common Pleas of Butler County Civil Division at No(s):
2020-10421

BEFORE:  MURRAY, J., KING, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                    **FILED: JUNE 11, 2021**

Lisa Swinto (Swinto) appeals from the order sustaining the preliminary

objections of Scott Timko and Friends of Scott Timko (Appellees), and

dismissing Swinto's complaint.  We quash.

The trial court recited the case history as follows:

[O]n or about May 28, 2020, a pamphlet was published regarding
State Representative Daryl Metcalfe.  At that time, Mr. Metcalfe
was in a heated primary election for the state representative seat,
with the election scheduled for June 2, 2020.  His opponent was
Scott Timko, one of the [Appellees].  The other [Appellee], Friends
of Scott Timko, is a Political Action Committee which supported
Scott Timko during his campaign.  The published pamphlet
discussed Mr. Metcalfe's alleged corruption, and in doing so,
discussed Mr. Metcalfe's daughter, Lisa Swinto, the [Appellant].
At the time of publication, Ms. Swinto lived in Florida.

On or about May 29, 2020, [Swinto] filed the current Complaint in
Civil Action in Excess of $35,000.  In the Complaint, [Swinto]
raised two counts: Defamation/Libel *Per Se* and False Light.  In
doing so, [Swinto] alleged [Appellees] published a pamphlet which

levied and depicts multiple absolutely false and reckless accusations of impropriety and corruption against [her], specifically identifying [Swinto] within the pamphlet. Additionally, [Swinto] alleged that [Appellees] knew or should have known those accusations to be false. In the complaint, [Swinto] sought compensatory and incidental damages, interest and costs, and punitive damages, all in excess of $35,000 per count.

On June 17, 2020, [Appellees] filed their first Preliminary Objections and a brief in support thereof. In their initial set of Preliminary Objections, [Appellees] raised six objections, all demurrers under Pa.R.C.P 1028(a)(4). First, [Appellees] raised the objection that there was no publication by Scott Timko. The [Appellees'] second Preliminary Objection is Communications Not Related to [Swinto] and Not Defamatory in Nature. Third, [Appellees] contend that the remarks were not highly offensive to a reasonable person. Fourth, [Appellees] object in that they argue the communication relates to a matter of public concern. Fifth, [Appellees] object to [Swinto's] claim for court costs and attorneys' fees, arguing that she has no right to recover these damages. Finally, [Appellees] object to [Swinto's] claim for punitive damages, stating that they were unsupported by the facts.

[Swinto] responded to these Preliminary Objections by filing "Plaintiff's Preliminary Objections to Defendants' Preliminary Objections" on August 19, 2020, along with a brief in support. Those filings argued that [Appellees'] demurrers were speaking demurrers, which introduced new facts. On September 8, 2020, [Appellees] filed an "Answer to the Plaintiff's Preliminary Objections to Defendants' Preliminary Objections." In a separate document that same day, [Appellees] filed their "Preliminary Objections to the Plaintiff's Preliminary Objections to Defendants' Preliminary Objections." [Appellees'] brief in opposition to [Swinto's] Preliminary Objections to [Appellees'] Preliminary Objections was filed on September 17, 2020. Also on September 17, 2020, [Swinto] filed four documents, including 1) [her] "Response to the Defendants' Preliminary Objections to the Plaintiff's Preliminary Objections to Defendants' Preliminary Objections," 2) a brief in opposition to those same objections by [Appellees], 3) a Brief in Opposition to [Appellees'] Preliminary Objections, and 4) a Response to [Appellees'] Preliminary Objections. Those final two filings related back to [Appellees'] initial preliminary objections filed on June 17, 2020. Argument on

the Preliminary Objections was held by way of audiovisual communication on October 27, 2020.

Trial Court Opinion, 11/4/20, at 1-3.

On November 4, 2020, the trial court issued an order and opinion sustaining all of Appellees' preliminary objections and dismissing Swinto's "actions." Order, 11/4/20. Swinto timely appealed.[1] Swinto raises the following issues for review:

1. DID THE TRIAL COURT ERR IN DETERMINING THAT THE STATEMENTS COMPLAINED OF IN THE PAMPHLET WERE NOT CAPABLE OF DEFAMATORY MEANING AS A MATTER OF LAW?

2. DID THE TRIAL COURT ERR IN DETERMINING THAT THE STATEMENTS COMPLAINED OF IN THE PAMPHLET WERE MATTERS OF PUBLIC CONCERN?

3. DID THE TRIAL COURT ERR IN DETERMINING THAT DEFENDANT, SCOTT TIMKO, WAS NOT A PUBLISHER OF THE PAMPHLET?

4. DID THE TRIAL COURT ERR IN PREVENTING [SWINTO] LEAVE TO AMEND?

Swinto's Brief at 5.

In advance of her issues and arguments, Swinto states:

**ORDER IN QUESTION**

[Swinto] appealed the trial court's November 4, 2020 Memorandum Opinion and Order sustaining [Appellees'] preliminary objections in their entirety **with prejudice**.

Brief at 2 (emphasis added).

---

[1] Both Swinto and the trial court have complied with Pa.R.A.P. 1925.

It is well-settled that appellate courts typically have jurisdiction over final orders. Pa.R.A.P. 341(a); *see **Pa. Manufacturers' Assoc. Ins. Co. v. Johnson Matthey, Inc.***, 188 A.3d 396, 398 (Pa. 2018) (*per curiam*) ("Whether this Court has jurisdiction to entertain this appeal presents a threshold issue. Such an issue raises a question of law; accordingly, our standard of review is *de novo*, and our scope of review is plenary." (citations omitted)). "A final order is generally one which terminates the litigation, disposes of the entire case, or effectively puts the litigant out of court." ***Joseph F. Cappelli & Sons, Inc. v. Keystone Custom Homes, Inc.***, 815 A.2d 643, 648 (Pa. Super. 2003) (citation omitted); *see also* Pa.R.A.P. 341(b)(1). "For finality to occur, the trial court must **dismiss with prejudice** the complaint in full." ***Mier v. Stewart***, 683 A.2d 930 (Pa. Super. 1996) (emphasis added).

Swinto claims the trial court dismissed her complaint with prejudice. The record does not support this assertion. The trial court's order reads verbatim:

ORDER OF COURT

AND NOW, this day of November, 2020, following argument on the matter and a review of the record, it is ordered, judged, and decreed as follows:

First, Defendant's Preliminary Objection Pursuant to Pa.R.C.P. 1028(a)(4) - Legal Insufficiency (Demurrer) is sustained. The action against Scott Timko is dismissed.

Second, Defendant's Preliminary Objection Pursuant to Pa.R.C.P. 1028(a)(4) - Legal Insufficiency (Demurrer)-

- 4 -

Communications Not Related to Plaintiff and Not Defamatory in Nature is sustained. The defamation action is dismissed.

Third, Defendant's Preliminary Objection Pursuant to Pa.R.C.P. 1028(a)(4) - Legal Insufficiency (Demurrer) - Remarks Not Highly Offensive to a Reasonable Person is sustained. The false light action is dismissed.

Fourth, Defendant's Preliminary Objection Pursuant to Pa.R.C.P. 1028(a)(4) - Legal Insufficiency (Demurrer) - Communication Relates to Matter of Public Concern is sustained.

Fifth, Defendant's Preliminary Objection Pursuant to Pa.R.C.P. 1028(a)(4) - Legal Insufficiency (Demurrer) - No Right to Court Costs and Attorneys' Fees is sustained. Court costs and attorneys' fees are not warranted.

Sixth, Defendant's Preliminary Objection Pursuant to Pa.R.C.P. 1028(a)(4) - Legal Insufficiency (Demurrer) - Punitive Damages Unsupported Under These Facts is sustained.

Order, 11/4/20.

We have thoroughly reviewed the record — including but not limited to the opinion that accompanies the November 4, 2020 order from which Swinto appeals — and see no indication the complaint was dismissed with prejudice.[2] *See* Opinion and Order, 11/4/20 at 1-16; 1925(a) Order, 12/22/20, at 1.

Also, despite asserting "the trial court erred in preventing [her] leave to amend," Swinto fails to cite anything in the record to support this claim,

---

[2] Our review for mention of dismissal with prejudice would have included the notes of testimony from the October 27, 2020 oral argument, but Swinto did not request the transcript. *See* Notice of Appeal, 11/23/20 (stating Swinto was not requesting transcription). It is an appellant's responsibility to ensure the certified record contains all items necessary for this Court's review. *See* *Commonwealth v. B.D.G.*, 959 A.2d 362, 372 (Pa. Super. 2008) (*en banc*).

stating simply that she "had no opportunity to cure any alleged defects in her Complaint because the trial court dismissed it outright." Swinto's Brief at 5, 24. In fact, Swinto implies she first raised the issue of amending the complaint in her statement of matters complained of on appeal. *Id.* at 24.

Swinto did not seek to amend her complaint or take any action to render the trial court's dismissal final and appealable (such as filing a praecipe to dismiss her complaint with prejudice). *See, e.g., Hionis v. Concord Twp.*, 973 A.2d 1030, 1035–36 (Pa. Cmwlth. 2009) (explaining procedure to obtain final order where trial court dismisses complaint without prejudice, but where plaintiff either does not wish to or does not timely comply with trial court's order to amend complaint);[3] *Chamberlain v. Altoona Hosp.*, 567 A.2d 1067, 1069–70 (Pa. Super. 1989) (same). Instead, Swinto appealed from an interlocutory order. While interlocutory orders are appealable in certain circumstances, none of those circumstances apply to this case.[4] Our Supreme Court has stated:

---

[3] While decisions of the Commonwealth Court are not binding on this Court, they may serve as persuasive authority. *See Commonwealth v. Ortega*, 995 A.2d 879, 885 (Pa. Super. 2010).

[4] In *Soisson v. Green*, 245 A.3d 1100, at *1 n.1 (Pa. Super. Dec. 24, 2020) (unpublished memorandum), we recognized that "[t]ypically, an order dismissing a complaint without prejudice is considered interlocutory," but reviewed the appeal on the merits because the "practical consequence of the order" put appellant out of court. *Id.* Here, the trial court's order did not put Swinto out of court, rather, Swinto elected to file an appeal rather than seek reconsideration, amend her complaint, or file a praecipe to dismiss the complaint with prejudice.

in addition to an appeal from final orders of the Court of Common Pleas, our rules provide the Superior Court with jurisdiction in the following situations: interlocutory appeals that may be taken as of right, Pa.R.A.P. 311; interlocutory appeals that may be taken by permission, Pa.R.A.P. [312]; appeals that may be taken from a collateral order, Pa.R.A.P. 313; and appeals that may be taken from certain distribution orders by the Orphans' Court Division, Pa.R.A.P. 342.

*Commonwealth v. Garcia*, 43 A.3d 470, 478 n.7 (Pa. 2012) (quotations omitted).

Here, the November 4, 2020 order is not appealable as of right (Pa.R.A.P. 311), Swinto did not ask for or receive permission to appeal the interlocutory order (Pa.R.A.P. 312), and she has not provided this Court with any argument as to whether — or how — the order could satisfy the collateral order doctrine (Pa.R.A.P. 313). Thus, consistent with *Mier*, we are constrained to find the order interlocutory and non-appealable. *See Mier*, 683 A.2d at 930 ("For finality to occur, the trial court must dismiss with prejudice the complaint in full.").

Appeal quashed. Jurisdiction relinquished. Case stricken from argument list.

Judge Musmanno joined the memorandum.

Judge King did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  6/11/2021