J-A19018-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GREGORY MOTON AND JANE MOTON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellants | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LESLY ROBINSON, DPM, TEMPLE | : | No. 1778 EDA 2020 |
| UNIVERSITY  SCHOOL OF PODIATRIC | : | |
| MEDICINE, ANS INFUSION, INC., | : | |
| BRIOVARX INFUSION SERVICES INC, | : | |
| BRIOVARX INFUSION SERVICES 305 | : | |
| LLC, BRIOVARX INFUSION SERVICES | : | |
| 102 LLC, AND  BRIOVARX INFUSION | : | |
| SERVICES 103 LLC | : | |

Appeal from the Order Entered September 1, 2020
In the Court of Common Pleas of Philadelphia County
Civil Division at No. 190904576

BEFORE:   DUBOW, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:                **FILED SEPTEMBER 16, 2021**

Gregory Moton and Jane Moton (the Motons) appeal from the order denying their motion to strike the judgments of non pros entered in favor of Lesly Robinson, DPM (Dr. Robinson), Temple University School of Podiatric Medicine (Temple), and ANS Fusion, Inc. (ANS) (collectively, Appellees). After thorough review, we affirm.

On October 4, 2017, Dr. Robinson examined Gregory Moton's foot ulcer at Temple's downtown clinic and prescribed Orbactiv.[1]  The next day,

_____

[*] Retired Senior Judge assigned to the Superior Court.

*(Footnote Continued Next Page)*

at approximately 6:30 p.m., a nurse employed by ANS arrived at Mr. Moton's home to administer the Orbactiv. During the infusion, Mr. Moton reported experiencing nausea, hypersensitivity, shortness of breath, and chest pains. The ANS nurse contacted Dr. Robinson, who instructed the nurse to give Mr. Moton Benadryl and Epinephrine. Thereafter, Mr. Moton went into cardiac arrest, suffered a stroke, and as a result, requires a pacemaker.

Pertinently,

On October 3, 2019, [the Motons] initiated the above-captioned medical malpractice lawsuit via a Writ of Summons. On or about October 18, 2019, [the Motons'] counsel filed a motion to withdraw as counsel of record.[2] [By order dated] November 26, 2019 [and filed on December 2, 2019], the Honorable Judge Shirdan Harris permitted counsel to withdraw and [the Motons] were given forty-five (45) days to file a complaint, or risk judgment of non pros. Accordingly, [the Motons] were required to file a Complaint pursuant to Court Order no later than January 16, 2020.

On January 15, 2020, [the Motons] failed to appear at a Court-scheduled conference, and the conference was conducted in their absence. On January 23, 2020, ANS filed a Praecipe to Enter Judgment of Non Pros due to [the Motons'] Failure to File a Complaint Pursuant to Pa.R.C.P. 1037(a). [The prothonotary entered judgment of non pros in favor of ANS on January 27,

*(Footnote Continued)* ─────────────────

[1] Orbactiv is an antibiotic infusion used "for the treatment of adult patients with acute bacterial skin and skin structure infections." DRUGS.COM, *Orbactiv*, https://www.drugs.com/pro/orbactiv.html (last updated on Aug. 1, 2021).

[2] Counsel sought leave to withdraw on the basis that "there was no viable medical malpractice case to be pursued on [the Motons'] behalf." Motion to Withdraw as Counsel, 10/18/19, at ¶7.

2020.] On January 28, 2020, Temple filed a Praecipe to Enter Judgment of Non Pros on Behalf of Dr. Robinson and Temple [], pursuant to Pa.R.C.P. 237.1, due to [the Motons'] Failure to File a Complaint[; the prothonotary entered judgment of non pros in favor of Temple and Dr. Robinson on January 30, 2020].

On February 14, 2020, another Court conference was conducted, for which [the Motons] appeared. [The Motons] were informed by the trial court that two judgments of non pros had been entered in favor of Appellees, and were informed that a Complaint had still not been filed.

Trial Court Opinion, 12/23/20, at 2 (record citations omitted).

On June 14, 2020, several months after the entries of non pros, the Motons filed a complaint asserting professional negligence against Appellees. On July 7, 2020, the Motons filed a motion to strike the entries of non pros in favor of ANS, Temple and Dr. Robinson, which the trial court denied on September 1, 2020. The Motons timely appealed. Both the Motons and the trial court complied with Pa.R.A.P. 1925.

The Motons present two questions for review:

1. When a complaint is not timely filed in accordance with an order of the court, did the trial court abuse its discretion in failing to strike the [] judgment of *non pros* entered by [the prothonotary, which was] an action undertaken beyond the scope of [its] authority?

2. When a complaint is not timely filed in accordance with an order of the court, did the trial court abuse its discretion in failing to determine that the only proper method of obtaining a judgment of *non pros* was by motion to the court?

Motons' Brief at 7.

The following legal principles inform our review. "By definition, a non pros is a judgment entered by the trial court which terminates a plaintiff's action due to the failure to properly and/or promptly prosecute a case." **Dombrowski v. Cherkassky**, 691 A.2d 976, 977 (Pa. Super. 1997). Our rules of civil procedure provide for entry of judgment of non pros in four situations: (1) under Rule 1037(a) for failure to file a complaint after the issuance of a rule to do so; (2) under Rule 1042.7 for failure to file a certificate of merit; (3) under Rule 218 on the trial court's motion for failure to be ready at the start of trial; and (4) under Rule 4019 as a discovery sanction.[3] Non pros may also be entered for inactivity if there is a lack of due diligence in prosecuting the case on the part of the plaintiff, no compelling reason for the delay, and actual prejudice to the defendant. **See James Bros. Lumber v. Union Banking & Trust**, 247 A.2d 587, 589 (Pa. 1968), and **Jacobs v. Halloran**, 710 A.2d 1098 (Pa. 1998) (commonly known as the **James-Jacob** test).

Further,

When reviewing the denial of a petition to strike and/or open a judgment of non pros, we will reverse the trial court only if we find a manifest abuse of discretion. **Yee v. Roberts**, 878 A.2d 906, 910 (Pa. Super. 2005); **Hoover v. Davila**, 862 A.2d 591, 593 (Pa. Super. 2004). "It is well-established that a motion to strike off a judgment of non pros challenges only defects appearing on the face of the record and that such a motion may

---

[3] **See** Pa.R.C.P. 1037(a), 1042.7, 218, and 4019, respectively.

not be granted if the record is self-sustaining." ***Hershey v. Segro***, [] 381 A.2d 478, 479 (Pa. Super. 1977).

***Varner v. Classic Communities Corp.***, 890 A.2d 1068, 1072 (Pa. Super. 2006).

Pertinent to this case, Pennsylvania Rule of Civil Procedure 1037, which authorizes judgment of non pros for failure to file a complaint, provides:

> **Rule 1037. Judgment Upon Default or Admission. Assessment of Damages.**
>
> (a) If an action is not commenced by a complaint, the prothonotary, upon praecipe of the defendant, shall enter a rule upon the plaintiff to file a complaint. If a complaint is not filed within twenty days after service of the rule, **the prothonotary, upon praecipe of the defendant, shall enter a judgment of non pros.**

Pa.R.C.P. 1037(a) (emphasis added).

Rule 237.1(a)(2) requires the praecipe for judgment of non pros contain a certification of written notice of intent to file the praecipe:

> **Rule 237.1 Notice of Praecipe for Entry of Judgment of Non Pros for Failure to File Complaint or by Default for Failure to Plead.**
>
> ***
>
> (2) No judgment of non pros for failure to file a complaint or by default for failure to plead shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered
>
>> (i)     in the case of a judgment of non pros, after the failure to file a complaint and at least ten days prior to the date of the filing of the

praecipe to the party's attorney of record or to the party if unrepresented,

\*\*\*

The ten-day notice period in subdivision (a)(2)(i) … shall be calculated forward from the date of the mailing or delivery, in accordance with Rule 106.

Pa.R.C.P. 237.1(a)(2).

As stated above, "a motion to strike off a judgment of non pros challenges only defects appearing on the face of the record," and "may not be granted if the record is self-sustaining." ***Varner***, 890 A.2d at 1072. A record that reflects a failure to comply with the rules of civil procedure is facially defective and cannot support the entry of judgment. ***See Fountainville Historical Farm Ass'n of Bucks County, Inc., v. Bucks County***, 490 A.2d 845, 848 (Pa. Super. 1985) (prothonotary lacks authority to enter judgment where fatal defect appears on face of record).

Pennsylvania courts have generally found a defect on the face of the record where there was improper service of process or defective notice under Pa.R.Civ.P. 237.1. ***See PennWest Farm Credit, ACA v. Hare***, 600 A.2d 213, 215-16 (Pa. Super. 1991) ("Generally, if the record affirmatively shows a failure to comply with Pa.R.Civ.P. 237.1, the record is defective and will not support the entry of a default judgment."); ***see also Oswald v. WB Pub. Square Assocs., LLC***, 80 A.3d 790, 796 (Pa. Super. 2013) (plaintiff's failure to utilize proper language in Pa.R.Civ.P. 237.1 notice is a fatal defect on the face of the record that cannot support default judgment); ***Mother's***

*Restaurant Inc. v. Krystkiewicz*, 861 A.2d 327, 338 (Pa. Super. 2004) (default judgment was improper where plaintiff failed to include notice to defend with complaint); *Erie Ins. Co. v. Bullard*, 839 A.2d 383, 388 (Pa. Super. 2003) (while plaintiff served notice of intent to enter praecipe for default judgment on defendant, plaintiff failed to serve defendant's attorney, and thus default judgment should have been stricken).

Instantly, the Motons assert defects on the face of the record that do not comport with the above case law; the Motons allege record defects of: (1) Appellees prematurely filing their praecipe for judgment of non pros; and (2) Appellees erroneously obtaining judgment of non pros with the prothonotary when Appellees were required to file a motion for judgment of non pros with the trial court. Motons' Brief at 17-19. The Motons claim Appellees "were required to motion the lower court for judgments *non pros*, failed to do so, and instead did a procedurally defective runaround through the prothonotary." *Id.* at 17. We disagree.

Regarding the first allegation, the Motons assert the November 26, 2019 order gave them 45 days – or until January 16, 2020[4] – to file a complaint. The Motons contend Appellees praeciped for non pros on January 10, 2020 "in violation of the lower court's November 26th Order" and "before the elapse [*sic*] of the forty-five (45) days." Motons' Brief at 16. Because of

---

[4] Neither the Motons nor Appellees dispute this deadline.

the alleged premature filing, the Motons argue the judgment of non pros was improper and should have been stricken. *Id.* This claim is waived.

We are compelled to find waiver because the Motons did not raise their premature filing issue with the trial court in their motion to strike or their Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b)(4)(v) and (vii); *see also* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Moreover, the issue lacks merit even in the absence of waiver. The record shows that on January 10, 2020, Appellees filed notice of their **intent** to praecipe for judgment of non pros. *See* Pa.R.C.P. 237.1(a)(2). In fact, the Motons acknowledge that Appellees' January 10, 2020 filing was a notice of intent to praecipe for the entry of judgment. *See* Motion to Strike, 7/7/20, at ¶6 ("On January 10, 2020, [Appellees] issued a Notice of Intention to Enter Judgment of *Non Pros*. A true and correct copy of the Notice is attached hereto as Exhibit "3."). Therefore, the Motons' argument regarding Appellees' premature praecipe is meritless.

Next, the Motons argue the trial court's November 26, 2019 order abrogated the prothonotary's authority to enter judgment of non pros. Motons' Brief at 17-19. The order states:

> **AND NOW**, this 26th day of November, 2019, it is hereby **ORDERED** and **DECREED** that the Petition of Counsel for leave to withdraw as counsel is **GRANTED**. Counsel is granted leave to withdraw from representing Plaintiffs, Gregory Moton and Jane Moton.

> Within ten (10) days of the entry of this Order Counsel shall file a **Praecipe to Withdraw as Counsel** with the Office of Judicial Records, attaching an affidavit of service certifying that this Order has been sent to the client and also updating the Office of Judicial Records with the address upon which all further notices from the Court shall be sent to the client.
>
> ~~All deadlines remain in effect.~~
>
> Plaintiff shall be given forty-five (45) days from the docketing of this order to file a complaint or risk judgment of non pros.

Order, 11/26/19.

The Motons assert that because "the lower court struck through the words 'All deadlines shall remain in effect'," the order rendered the prothonotary "powerless to enter a judgment of non pros." Motons' Brief at 17. They claim the prothonotary "had no authority to enter the judgments of *non pros* as it required interpreting the November 26th Order, which is not a ministerial act." *Id.* at 18.

In support of their argument, the Motons cite **Chamberlain v. Altoona Hosp**., 567 A.2d 1067 (Pa. Super. 1989). In **Chamberlain**, after the plaintiff filed a complaint, the defendant filed preliminary objections in the form of a motion to strike. *Id.* at 1068. The trial court granted the defendant's motion and ordered the plaintiff to file a more specific amended complaint within 20 days of the order; the order did not specify any sanction for noncompliance. When the plaintiff failed to comply with the order, the defendant praeciped the prothonotary for judgment of non pros. The prothonotary entered judgment, and three days later the plaintiff filed an

amended complaint. The defendant then filed a motion to strike the amended complaint on the basis that the judgment on non pros barred the filing. The defendant also requested that the action be dismissed. The trial court agreed with the defendant, found the prothonotary had correctly entered non pros, and dismissed the complaint. *Id.* On appeal, we reversed the trial court, and held "where an **amended complaint** is not timely filed in accordance with an Order of Court, the only proper method for obtaining a judgment of non pros against the plaintiff is by motion to the court for non pros." *Id.* at 1069-70 (emphasis added). The Motons claim the ***Chamberlain*** holding is applicable to their situation, and required Appellees to seek judgment of non pros from the trial court. They state that because the November 26, 2019 order contained the crossed-through language, "All deadlines remain in effect," the order superseded the rules and Appellees could only obtain non pros by motion to the trial court.

Critically, the Motons ignore the distinction between ***Chamberlain***, involving the untimely filing of an amended complaint pursuant to court order, and this case, where the Motons never filed an original complaint as required by the Rules of Civil Procedure. We recognized in ***Chamberlain*** that the "clear wording of [Pa.R.C.P. 1037(a)] only authorizes non pros where 'an action is not commenced by a complaint.'" *Id.* at 1069. However, under the particular facts of ***Chamberlain***, "where an amended complaint is not timely filed in accordance with an Order of court, the only

proper method for obtaining a judgment of non pros . . . is by motion to the court for non pros." *Id.* at 1069-70. Here, the Motons never filed a complaint, and the court's November 26, 2019 order, unlike the order in ***Chamberlain***, contained "specific threatened sanction for noncompliance, such as dismissal of [plaintiff's] action." *Id.* at 1068; ***see also*** Order, 11/26/19 ("Plaintiff shall be given forty-five (45) days from the docketing of this order to file a complaint **or risk judgment of non pros**.") (emphasis added). Thus, pursuant to Rule 1037 and consistent with ***Chamberlain***, the prothonotary in this case possessed "authority under those circumstances to interpret the Order and enter non pros solely upon the defendant's praecipe." *Id.* at 1070.

For the above reasons, we affirm the trial court's order denying the Motons' motion to strike judgments of non pros.

Order affirmed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 9/16/2021*