J-S29019-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| RIAN BELL, INDIVIDUALLY, AND RIAN BELL, AS MEMBER AND ON BEHALF OF SIMPLY COUNTRY, LLC | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : | |
| v. | : : | |
| HOLLY BELL, JOSHUA KIRK, AND WILLOW AND WILDFIRE, LLC | : : : | |
| Appellees | : | No. 95 MDA 2023 |

Appeal from the Order Entered December 30, 2022
In the Court of Common Pleas of Perry County
Civil Division at No(s): CV-CV-2021-0295

BEFORE: MURRAY, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.: **FILED: AUGUST 29, 2023**

Appellant, Rian Bell, individually and as member and on behalf of Simply Country, LLC, appeals from the order entered in the Perry County Court of Common Pleas, which sustained the preliminary objections of Appellee, Holly Bell, and dismissed Appellant's complaint without prejudice. We reverse and remand for further proceedings.

The relevant facts and procedural history of this case are as follows. Appellant Rian Bell and Appellee Holly Bell are married and in the midst of contentious divorce proceedings. Appellant and Appellee Bell each own 50% of Simply Country, LLC ("Simply Country"). Appellee Bell subsequently began

_____

[*] Retired Senior Judge assigned to the Superior Court.

dating Appellee Joshua Kirk, and the two formed Appellee Willow and Wildfire, LLC ("W&W").

> [Appellant] filed a Complaint and Petition for Preliminary Injunction in this matter against [Appellees] on May 5, 2021.[1] [Appellant] asserts in his Complaint, that [Appellees] breached a fiduciary duty that they had with both himself and with Simply Country, and that he has suffered damages as a result of these breaches. [Appellant's] complaint also asserts that [Appellees] stole property from Simply Country, tortiously interfered with contracts, and knowingly gave false statements or refused [to] disclose business records, causing him to suffer financial damages. [Appellee] Bell, promptly filed Preliminary Objections to the Complaint, and [Appellant] amended the Complaint. [Appellee] Bell filed Preliminary Objections to [Appellant's] Amended Complaint on July 1[9], 2021, and [Appellant] filed a Second Amended [C]omplaint on or about August [4], 2021. [Appellee] Bell filed Preliminary Objections to [Appellant's] Second Amended Complaint, on September 7, 2021.
>
> [Appellee] Bell asserts in her Preliminary Objections that the claims made in [Appellant's] Complaint are based on matters that are solely [within] the province of equitable distribution of the couples' property that is being handled as part of the parties' separate divorce action. [Appellee] Bell further argues that these claims should be dismissed until the marital assets have been divided through equitable distribution, as Simply Country and both parties' equity in Simply County are marital assets and it would be impossible to determine whether [Appellant] suffered any damages at this time. [Appellee] Bell states, [Appellant's] damages are only speculative at this time and therefore he does not have a cause of action.

---

[1] Regarding the request for a preliminary injunction, the court initially issued a temporary injunction and held a hearing on June 17, 2021. Thereafter, the court entered an order permitting Appellant to conduct an inventory of assets and ordering Appellees to provide affidavits regarding inventory. The temporary relief expired on July 1, 2021.

(Opinion in Support of Order, filed 12/30/22, at 1-2; R.R. at 26-27).

The court held argument on Appellee Bell's preliminary objections on September 28, 2022, after which the court reserved making its decision. On December 30, 2022, the court sustained the preliminary objections and dismissed Appellant's complaint "without prejudice." (**See** Order, filed 12/30/22, at 1; R.R. at 20). In doing so, the court explained:

> In this case, [Appellant] and [Appellee] Bell have a pending divorce action. The Bells each own fifty-percent equity in Simply Country[;] Simply Country and the equity that [Appellant] and [Appellee] Bell each have in Simply Country is a marital asset. This marital asset is subject to equitable distribution, and until the marital property has been distributed, [Appellant] does not have a cause of action. The trial court has the power to account for any devaluation of the company and the causes of that devaluation as part of the equitable distribution of the couples' property within the pending divorce action. [Therefore, Appellant] cannot assert that he has suffered any losses or damages until the couples' assets have been distributed as part of the divorce.

(Opinion in Support of Order at 2; R.R. at 27).

Appellant timely filed a notice of appeal on January 17, 2023. On January 24, 2023, the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b). Appellant filed a Rule 1925(b) statement on February 16, 2023.[2]

---

[2] We note that Appellant's Rule 1925(b) statement is an eleven (11) page statement of errors to be raised on appeal, which reads much more like an appellate brief. (**See** Rule 1925(b) Statement, filed 2/16/23, at unnumbered pp. 1-11; R.R. at 4-14). Although we decline to find waiver here because the trial court was able to adequately address Appellant's claims in a responsive
*(Footnote Continued Next Page)*

Appellant raises the following issues on appeal:

> Did the trial court err when it dismissed the entire second amended complaint containing sixteen (16) counts against three (3) defendants, when the court held [Appellant] did not have a cause of action until the company was distributed by equitable distribution and that all issues were to be entirely resolved as part of the equitable distribution of a marital estate of [Appellant] and [Appellee Bell].
>
> Did the trial court err when it dismissed the entire second amended complaint when [Appellees] Joshua Kirk and [W&W] did not raise preliminary objections to the six (6) counts against those two (2) defendants.

(Appellant's Brief at 5).

As a preliminary matter, Appellee Bell claims that the order before us is not reviewable because it is not a final order, where the court dismissed Appellant's complaint "without prejudice." (**See** Appellee Bell's Brief at 1, 3, 5). "The appealability of an order directly implicates the jurisdiction of the court asked to review the order." **In re Estate of Considine v. Wachovia Bank**, 966 A.2d 1148, 1151 (Pa.Super. 2009). As a result, "this Court has the power to inquire at any time, *sua sponte*, whether an order is appealable." **Id.** Generally, "[a]n appeal may be taken from: (1) a final order or an order

---

opinion, we caution counsel that the failure to present claims in a Rule 1925(b) statement in a **concise** manner may result in waiver of the claims on appeal. **See generally Kanter v. Epstein**, 866 A.2d 394 (Pa.Super. 2004), *cert. denied*, 546 U.S. 1092, 126 S.Ct. 1048, 163 L.Ed.2d 858 (2006) (holding that by raising outrageous number of issues in 15-page "concise" statements, defendants deliberately circumvented meaning and purpose of Rule 1925(b) and effectively precluded appellate review of issues they sought to raise on appeal).

certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313)." **In re Estate of Cella**, 12 A.3d 374, 377 (Pa.Super. 2010) (some internal citations omitted).

In support of her claim that we must quash this appeal, Appellee Bell cites **Mier v. Stewart**, 683 A.2d 930 (Pa.Super. 1996). In that case, the appellant filed a malpractice and breach of contract claim against his former attorney. The trial court granted the appellee's demurrer and dismissed the malpractice count with prejudice. The court also dismissed the breach of contract count, but did so "without prejudice," giving the appellant additional time to file a more specific amended complaint on that count. Rather than filing an amended complaint, the appellant appealed. On appeal, this Court noted that Rule 341 only permits an appeal from a final order. This Court then explained that "[b]y granting a party leave to amend, the trial court has not finally disposed of the parties or their claims. For finality to occur, the trial court must dismiss with prejudice the complaint in full." **Id.** at 930. Accordingly, this Court quashed the appeal without prejudice to appeal once a final order dismissing the breach of contract claim was entered on the record. **Id.**

On the other hand, Appellant relies on **Pugar v. Greco**, 483 Pa. 68, 394 A.2d 542 (1978), to support his proposition that the appeal is properly before

us. In that case, our Supreme Court explained that "[i]n determining what constitutes a final order…we look to 'a practical rather than technical construction' of an order." *Id.* at 73, 394 A.2d at 545 (internal citation omitted). In other words, "if the practical consequence of the order by the trial court is effectively to put an appellant 'out of court' the order will be treated as final. Similarly, an order is 'final' if it precludes a party from presenting the merits of his claim to the [trial] court." *Id.* (internal citation omitted).

Recently, in *Rosenbaum and Associates, P.C. v. Scheff*, No. 1604 EDA 2021, 2022 WL 15065527 (Pa.Super. filed Oct. 27, 2022) (unpublished memorandum),[3] *appeal denied*, ____ Pa. ____, 2023 WL 4879871 (Pa. filed Aug. 1, 2023), this Court considered the practical effect of an order that sustained preliminary objections and dismissed a complaint without prejudice. In that case, the appellants filed a complaint against the appellees on March 24, 2021, asserting a claim for aiding and abetting a breach of fiduciary duty. Thereafter, the appellees filed preliminary objections. Subsequently, the trial court sustained the preliminary objections and dismissed the appellants' complaint "without prejudice." *Id.* at *4. In doing so, the trial court stated:

> Since the alleged, threatened, aiding and abetting breach of fiduciary duty has not yet occurred, [the a]pellants are not presently able to allege that they sustained damages as a result of [the a]pellees' threatened conduct, rather than, or

---

[3] *See* Pa.R.A.P. 126(b) (stating we may rely on unpublished decisions of this Court filed after May 1, 2019 for their persuasive value).

> in addition to, the conduct of [the a]ppellees' clients, who are the defendants in the related action.

*Id.* The court added that "if additional information revealed in discovery shows that [the a]ppellees caused [the a]ppellants to suffer any harm other than that caused by [the a]ppellees' clients, then [the a]ppellants may file a new complaint against [the a]ppellees." *Id.* The appellants appealed.

On appeal, this Court initially addressed whether it had jurisdiction to hear the appeal, where this Court acknowledged that "an order dismissing a complaint without prejudice is generally considered interlocutory." *Id.* at \*6 (citing *Mier, supra*). Nevertheless, this Court explained that "because the trial court did not grant [the a]ppellants leave to amend while dismissing their complaint without prejudice, and instead directed that [the a]ppellants could only file a new complaint if additional information comes to light, we will consider the trial court's order as final." *Id.* (collecting cases which stand for proposition of law that this Court will consider practical ramifications of order when deciding whether order on appeal is "final"). Accordingly, this Court proceeded to review the merits of the issues on appeal. *See id. See also Jones v. McGreevy*, 270 A.3d 1, 11 n.12 (Pa.Super. 2022) (allowing appeal to proceed on merits even though court sustained preliminary objections and dismissed complaint "without prejudice" where court predicated appellant's ability to refile complaint on reversal of non-jury verdict in separate garnishment action; court's order effectively placed appellant "out of court").

Instantly, the record makes clear that the court sustained Appellee Bell's

preliminary objections to the second amended complaint and dismissed the complaint "without prejudice." (**See** Order, filed 12/30/22, at 1; R.R. at 20). Notwithstanding the court's dismissal of Appellant's complaint "without prejudice," the trial court essentially placed Appellant "out of court" concerning the breach of fiduciary duty and related claims raised in the complaint, unless and until Appellant prevailed in the equitable distribution matter. (**See** Opinion in Support of Order at 2; R.R. at 27). Further, the court's dismissal order did not give Appellant an opportunity to amend the complaint. **Compare Mier, supra**. Under these circumstances, we will treat the order on appeal as final and proceed to our review of Appellant's claims. **See Jones, supra**; **Rosenbaum, supra**.

In his first issue, Appellant argues that to bar one action based on the pendency of a prior action, the prior case must be the same, the parties must be the same, and the relief requested must be the same. Appellant initially asserts that the court should not have considered the separate divorce action at all because Appellee Bell failed to attach a copy of the divorce complaint to her preliminary objections. On this basis, Appellant contends that there was no evidence presented regarding the case, parties, or relief requested in the divorce action.

Moreover, Appellant maintains that the two parties to the divorce action (Appellant and Appellee Bell) are not the same as the parties to the instant action. Appellant complains that the divorce action is also different than the

current case. Specifically, Appellant avers that the instant case is not simply "a dispute over ownership of a business after the dissolution of a partnership," as suggested by the trial court, but "it is about seeking justice against the co-conspirators who worked in concert to steal assets and potential profits from Appellant." (Appellant's Brief at 13). Appellant emphasizes that the current case sets out four counts of breach of fiduciary duty related to the operation of a business, three tort claims against Appellee Bell, one quasi-contract claim against Appellee Bell, two tort claims against Appellee Kirk, one tort claim against Appellee W&W, and three counts of civil conspiracy against the three defendants; none of these claims are asserted in the divorce action.

Appellant also insists that the relief requested in the current action is different than that sought in the divorce action.[4] Appellant contends that the trial judge in the divorce action would lack authority to impose punitive damages as sought in the instant case on a non-party to the divorce action. Thus, Appellant claims that Kirk and W&W would escape liability for their actions. Appellant also insists that his claim for damages in the instant matter was not speculative where he set forth in his complaint an identifiable amount of the assets that Appellees illegally transferred to W&W. Appellant concludes the court erred by sustaining Appellee Bell's preliminary objections based on

---

[4] Appellant reiterates that the court could not even consider what relief was sought in the divorce action (*i.e.*, equitable distribution) because Appellee Bell did not attach a copy of the divorce complaint to her preliminary objections.

the pendency of the divorce action, and this Court must reverse and remand for further proceedings.  We agree relief is due.

Initially we observe:

> When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.
>
> Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint.  When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom.  Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief.  If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Richmond v. McHale*, 35 A.3d 779, 783 (Pa.Super. 2012) (quoting *Feingold v. Hendrzak*, 15 A.3d 937, 941 (Pa.Super. 2011)).

Under Pa.R.C.P. 1028(a)(6), preliminary objections may be filed based on the pendency of a prior action.  Pa.R.C.P. 1028(a)(6).  To successfully object based on the pendency of a prior action (also known as the defense of *lis pendens*), "it must be shown that the prior case is the same, the parties are the same, and the relief requested is the same."  *Richner v. McCance*, 13 A.3d 950, 958 (Pa.Super. 2011) (internal citation and quotations omitted).  "This three-pronged identity test must be strictly applied when a party is seeking to dismiss a claim under the doctrine of *lis pendens*."  *Norristown Auto. Co., Inc. v. Hand*, 562 A.2d 902, 904 (Pa.Super. 1989).  "Thus, this

[C]ourt has refused to dismiss causes of action under the doctrine of *lis pendens* in cases where the later cause of action derived from the same contract or events that formed the basis of the prior action but the right asserted and/or the relief sought in the two actions were not the same." ***Id.*** (holding that facts of case did not meet strict identity requirements for dismissal under doctrine of *lis pendens* where rights asserted and relief sought were different in two actions, even though parties and key events underlying both actions were same; reversing and remanding for further proceedings). "Under Pennsylvania law, the question of a pending prior action is purely a question of law determinable from an inspection of the pleadings." ***Richner, supra*** at 958. "Therefore, as to application of the doctrine, our scope of review is plenary." ***Barren v. Commonwealth of Pennsylvania***, 74 A.3d 250, 253 (Pa.Super. 2013).

"Additionally, an abeyance may be appropriate even where the petitioner cannot strictly meet the above-referenced test if the two actions would create a duplication of effort on the part of the parties and waste judicial resources by requiring two courts of common pleas to litigate a matter that in all likelihood could be fully addressed in one forum." ***PNC Bank, Nat. Ass'n v. Bluestream Technology, Inc.***, 14 A.3d 831, 835 (Pa.Super. 2010). ***See also Norristown Auto Co., supra*** (observing that party raising defense of *lis pendens* can ask that action in which defense is being raised be abated, that it be stayed pending outcome of prior litigation, or that actions be

consolidated; noting that should appellee raise such issue on remand, trial court may have to decide propriety of granting stay in instant matter to avoid duplication of effort and waste of judicial resources that would result from allowing both cases to proceed simultaneously).

Instantly, we must first consider Appellant's claim that the trial court was precluded from even considering the pending divorce litigation where Appellee Bell did not attach a copy of the divorce complaint to her preliminary objections. The trial court explained that it properly considered the pending divorce action between Appellant and Appellee Bell, reasoning:

> Appellant…argues that the trial court erred by considering evidence outside of the pleadings by considering the divorce because no copy of the divorce complaint was attached to the complaint or Appellee Bell's Motion to Dismiss. Appellant…, however, admits in this complaint that the couple is married and a divorce litigation is pending between the two. Appellant…also states in his complaint that he and Appellee Bell were business partners in addition to being husband and wife.
>
> It is reasonable to conclude that two people in the middle of a divorce who are disputing the ownership of a business that qualifies as marital property would likely also be fighting over the business in the divorce. …[A] fact-finder is expected to admit any insights that are reasonably deduced from the filings as true and weigh such reasonably deduced inferences in its final decision. Therefore, this court did not err because it used a reasonably deduced inference that the ownership of Simply Country and its assets was a matter for equitable distribution to reach the conclusion to grant Appellee Bell's Motion to Dismiss.

(Rule 1925(a) Opinion, filed May 23, 2023, at unnumbered pp. 5-6).

Our review of the record supports the court's analysis. Here, Appellant

admitted in his second amended complaint that he was married to Appellee Bell and that they were involved in divorce litigation. (**See** Second Amended Complaint, filed 8/4/21, at 4 n.2; R.R. at 104). Appellant further alleged that he and Appellee Bell signed the operating agreement for Simply Country while they were married, and each owned a 50% interest in Simply Country. (**See** **id.** at ¶¶ 16-17; R.R. at 106). Appellee Bell also alleged in her preliminary objections that Appellant and Appellee Bell each owned 50% of Simply Country, which they started while they were married, and that Appellant and Appellee Bell were in the midst of divorce proceedings. (**See** Preliminary Objections, filed 9/7/21, at ¶¶ 7, 9; R.R. at 59).

As the trial court correctly stated, "[w]hen considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, **as well as all inferences reasonably deducible therefrom**." **See** **Richmond, supra** (emphasis added). Based on the allegations set forth in the relevant pleadings that Appellant was married to Appellee Bell when they formed Simply Country, that they were co-owners of Simply County, and that they were in the midst of a divorce action, it was reasonable for the court to infer that equitable distribution would be at issue in the divorce proceedings. **See id.** Further, we observe that during the June 17, 2021 hearing on Appellant's request for a preliminary injunction, there were multiple references to the divorce proceedings between Appellant and Appellee Bell, and a valuation of Simply Country was ongoing in connection with the divorce.

(***See*** N.T. Hearing, 6/17/21, at 10, 11, 16, 49-50).  Thus, the trial court was free to reasonably infer that equitable distribution was an issue in the divorce proceedings, even in the absence of reviewing the actual divorce complaint.

Regarding the trial court's decision to dismiss Appellant's complaint without prejudice based on the pendency of the divorce action, the court explained:

> … The parties to the divorce are named in this action, the contract dispute arises out of the same series of transactions or occurrences as the divorce, and a major asset covered by the pre-existing divorce case, ownership of Simply Country and its assets, is here at issue.  As noted above, the business is marital property and the dispute between Appellant…and Appellee Bell here is the same as the dispute over the company concurrently taking place in the divorce. It would therefore be unfair and a waste of judicial resources to determine in this case what can be better and more fairly decided in the pre-existing divorce case between Appellant…and Appellee Bell.
>
> [Appellant's] claims for statutory and punitive damages can also be resolved through the divorce action by identifying what, if any, assets were wrongfully transferred from Simply Country to Appellees Kirk and/or [W&W].  As this court noted in its original memorandum regarding its decision in this case, any alleged devaluation of a marital corporation is entirely speculative because no actual harm has yet occurred.  Any assets that were sold or converted could be discovered and inventories by the parties through the normal process of equitable distribution so that each asset's monetary value may be determined and added to the pot that would be equally split between husband and wife.  This court therefore did not err by granting Appellee's Preliminary Objections in order to prevent the confusion of ownership over the business and the waste of judicial resources that would necessarily follow the creation of duplicate concurrent cases.

\*     \*     \*

> Appellant…argues that the trial court improperly dismissed the counts against Appellees Kirk and [W&W] because both parties failed to file their own preliminary objections before the time for filing objections expired. As this court has noted in this memorandum, the counts against the three appellees are inextricably linked to the divorce between Appellant…and Appellee Bell and inseparable from each other. It would, for example, be improper to dismiss the counts against Appellee Bell but then hear arguments against Appellee Kirk that he conspired with her to fraudulently convert the assets of Simply Country because it would be necessary for both co-conspirators to be joined as defendants in the case. It would similarly contradict reason for this court to dismiss the counts against Appellee Bell in order to avoid wasting judicial resources but then allow the same case to proceed against Appellees Kirk and [W&W]. This court reiterates its above-stated argument that the dismissal of the complaint is necessary to prevent duplicity and the waste of judicial resources. Therefore, this court did not err in dismissing the complaint in its entirety, including the counts against Appellees Kirk [and W&W].

(Rule 1925(a) Opinion at unnumbered pp. 4-7) (internal citations and footnotes omitted).

We cannot agree with this portion of the court's analysis. The two cases are not the same—the prior litigation at issue involves divorce (and, as reasonably deduced from the pleadings, equitable distribution) while the instant case involves claims of, *inter alia*, breach of fiduciary duty and conspiracy to convert over $80,000.00 worth of assets. The parties are not the same—the prior litigation involves only Appellant and Appellee Bell while the instant litigation involves Appellant (individually), Appellant (on behalf of Simply Country), Appellee Bell, Kirk, and W&W. And the relief sought is different—the prior litigation seeks a divorce decree (and, as reasonably

deduced from the pleadings, equitable distribution) while the instant case seeks statutory damages, punitive damages, and attorney's fees. Under a strict application of the three-pronged test, Appellee Bell has failed to demonstrate "that the prior case is the same, the parties are the same, and the relief requested is the same." *See Richner, supra*; *Norristown Auto. Co., supra*.

Although the court made clear in its analysis that it wanted to avoid the duplication of effort or the waste of judicial resources (*see PNC Bank, supra*; *Norristown Auto. Co., supra*), the court's order dismissing Appellant's complaint without prejudice did not expressly stay the instant action pending resolution of the divorce action.[5] Therefore, upon remand, the trial court may consider whether a stay or abeyance of the instant case is appropriate. *See Norristown Auto. Co., supra*. Upon remand, the court may also consider whether any other grounds alleged in Appellee Bell's preliminary objections warrant dismissal of the complaint. Accordingly, we reverse the order sustaining Appellee Bell's preliminary objections and dismissing Appellant's complaint without prejudice, and remand for further proceedings.[6]

---

[5] *See generally Williams Studio Div. of Photography by Tallas, Inc. v. Nationwide Mut. Fire Ins. Co.*, 550 A.2d 1333, 1335 (Pa.Super. 1988) (explaining that statute of limitations is not tolled by filing of complaint subsequently dismissed without prejudice).

[6] Based on our disposition, we need not address Appellant's second issue.

Order reversed.  Case remanded.  Jurisdiction is relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/29/2023